## ESAIAS HALL *v.* CALVIN CROSSMAN.

*Justice's record. Mandamus. Practice.*

A justice of the peace should certify in his record the fact that a demand is plead in offset in his court, even if he does not regard it as *bona fide.*

In this case, the matter in controversy being insignificant in amount, and the offset appearing not to be a *bona fide* claim,—the application for a mandamus, requiring the justice to certify the fact that the offset was plead in his court, was dismissed; but without costs, inasmuch as the justice was in fault in not having certified according to the fact.

PETITION FOR A MANDAMUS. The facts and ground of the application are sufficiently stated in the opinion of the court.

*D. E. Nicholson,* for the petitioner.

*E. Fisher,* for the defendant.

By the court: REDFIELD, CH. J. This is an application for a writ of mandamus requiring the defendant, a justice of the peace, to certify in his record of the trial of a cause, in which the petitioner was defendant, that the defendant plead a *bona fide* offset in the action, so that he can maintain an appeal.

It is admitted in the return of the justice to the alternative writ, or rather his answer to the petition, which the court require him to make, upon oath, that a claim was plead in offset, in the trial of the action, and that he omitted to certify that fact in the copies, because he did not regard it as a *bona fide* offset, but one settled between the parties. The proper way, undoubtedly, was to certify the facts, as they occurred in his court. But the thing having come to this issue, and this court having a discretion to exercise in the matter, will not issue the writ, to require an amendment, which cannot avail the party. And especially would we decline to do this, in a case, where the matter, *bona fide* in controversy, was so utterly insignificant as the value of a single cheese, between two and three dollars. For from all the testimony in this case, it is obvious to us, that there is no other *bona fide* matter in dispute in the case. Everything else was paid, at the time of delivery, and never became a proper matter of account, or if it did, for a time, was fully closed, at the time of the delivery of the last parcel of cheese, except this single cheese, so that neither the other cheese, or the

money paid for them, are any longer a subsisting matter of account to be considered in the action or offset. We could then only require the justice to amend his record according to the fact as stated in his own answer, and this will not better the condition of the petitioner. But as the justice has confessedly not certified the facts in his copies for the appeal, we shall dismiss the petition without costs.