WHEELER & WILSON MANUFACTURING COMPANY V.
PETER THOMPSON, *et al.*

33 590
43 728

1. WARRANTY—*Breach*—*Measure of Damages.* Where a sewing machine
is sold, which is not of the kind represented and warranted, and the pur-
chaser retains the property, the measure of damages for the breach of
the warranty is the difference between the contract-price and the value
of the machine actually delivered. (*Weybrich v. Harris*, 31 Kas. 92.)

2. ———— *Evidence.* Where the defect in such a machine is in the ten-
sion, or parts connected with the tension, it is error for the court, in a
controversy over the measure of damages for the breach of the warranty,
to reject evidence from the seller showing that a new tension complete
could be put in the machine at a trifling expense and with but little
trouble. In such a case, all evidence tending in any way to establish what
it would cost to supply the defect existing in the machine ought to be
received as some evidence showing the value of the machine when de-
livered.

*Error from Cowley District Court.*

ACTION by *The Wheeler & Wilson Manufacturing Company*
against *Peter Thompson* and *M. A. Thompson*, his wife, brought
originally before a justice of the peace of the city of *Winfield*,
upon two instruments in writing for the payment of money.
One of the instruments, dated May 8, 1878, due six months
after date, was for the payment of $25, with interest at the
rate of 10 per cent. per annum, from date, but after maturity
the rate of interest to be 12 per cent. per annum. The other
instrument, dated May 8, 1878, due twelve months after date,
was for the payment of $20, with 10 per cent. interest per
annum from date, and interest at the rate of 12 per cent. after
maturity. These instruments in writing were executed by
Thompson and wife for the purchase or use of a sewing ma-
chine. The answer set forth that the machine was warranted
to be in good condition, and capable of doing good work, but
that in fact it was useless and worthless as a sewing machine.
The case was taken to the district court on appeal, May 2,
1881. This case was here before, and is reported in 29 Kas.
476. Trial at the January Term, 1884. The jury returned

a verdict for the defendants, and also made the following special findings of fact:

"1. Was there any defect in the machine itself at the time the machine was delivered to the defendants?   A. There was.

"2. If there was a defect in the machine or its construction at the time delivered, what was that defect?   A. The defect was in the tension or parts connected with the tension.

"3. If there was any defect in the machine at the time delivered covered by the warranty of the plaintiff, what was the amount of the damage to the machine by reason of such defect?   A. $45.

"4. If the machine sold to defendants did not do good work, was it the fault of some defect in the machine itself, or was the fault in the operator?   A. In the machine.

"5. What was the market value of the machine at the time sold, at the place sold and delivered, in the condition it then was?   A. $30."

The plaintiff filed its motion for a new trial, which was overruled.   Thereupon the court rendered judgment in favor of the defendants for all costs, taxed at $229.90.   To the rulings and judgment of the court plaintiff excepted, and brings the case here.

*S. D. Pryor*, for plaintiff in error.

*McDermott & Johnson*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It is claimed that the court should have sustained the objection of plaintiff to the introduction of the testimony of defendants, for the reason that the answer of defendants did not state facts sufficient to constitute any defense.   This court decided, when the case was here before, (29 Kas. 476,) that the defendants were entitled to prove the whole of the transactions had in connection with the machine and the notes; and therefore, in admitting the testimony of plaintiff, it acted in obedience to the direction of this court.   Of course, in this there was no error.

It is next claimed that the court should have suppressed the deposition of one N. Shomber, which was taken on Feb-

ruary 28, 1881, before James H. Harkless, a notary public of Barton county, in the state of Missouri. The objection urged to the deposition is, that it was taken while the action was pending before the justice of the peace; but the caption thereof recites that it was taken in an action pending in the district court. At most, the error complained of is merely a clerical one, and could not have prejudiced the plaintiff; but the objection now presented comes too late. The motion to suppress the 'deposition filed in the district court embraced several grounds, but did not contain the one now relied upon.

It is further claimed that the district court erred in admitting the oral evidence offered by the defendants to prove that Best and Shomber were the agents of plaintiff. It is unnecessary to comment upon this complaint, further than to quote the following, which appears in the case-made: "The plaintiff here, for the purposes of this trial, admits that Best and Shomber were the agents of plaintiff."

It is also insisted that the court should have sustained the demurrer of plaintiff to the evidence of defendants; this upon the ground that no warranty in law was proved, or attempted to be proved; further, that the warranty does not extend to or cover defects known at the time the warranty was made, unless specifically mentioned. Even if the law be as plaintiff alleges, there was sufficient evidence in the case to go to the jury to show that the agents of plaintiff warranted the machine to be in good condition, and capable of doing good work, but that in fact it was defective, and would not do good work; further, that the defects in the machine were not fully known to or understood by the defendants at the time the warranty was made.

It is also contended that the court erred in refusing to admit the evidence offered by plaintiff to prove what it would have cost to put in the machine a new lower tension complete. The court committed error in the rejection of this evidence. One of the findings of the jury was to the effect that the defect in the machine was "in the tension, or parts connected with the tension." Generally speaking, where personal property is

sold which is not of the kind represented and warranted, the measure of damages is the difference between the contract-price and the value of the article delivered. In other words, the liability of the vendor is limited to the difference between the value of the article actually delivered and that of the article which the parties intended to purchase and contracted for. (*Weybrich v. Harris*, 31 Kas. 92.) There was no direct or positive evidence offered upon the trial as to the value of the machine actually delivered, and the jury were wholly at sea in ascertaining the amount of damages. If the evidence rejected had been received, it would have tended to show that the defect in the machine could have been repaired for a trifling sum, and therefore would have been some evidence tending to show the value of the machine when delivered. The jury found in substance, that the machine, if perfect, would have been worth $75, but as actually delivered it was worth only $30. If the evidence rejected had been admitted, it is not probable that the jury would have come to any such conclusion. All the evidence offered tending in any way to establish the value of the machine when delivered, ought to have been received and considered by the jury.

Various other errors are alleged, but as a new trial must be had in consequence of the rejection of competent testimony, it seems at this time unnecessary to refer to the other matters submitted in the briefs.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.