## A. G. KENDALL ET AL., v. H. L. ALDRICH.

### May Term, 1896.

*Mandamus.   Discretionary with court.   Costs.   No off-
set except between the same parties.*

1.  In mandamus to amend the record of a justice, the court has
    discretion to refuse the writ when it appears that, if granted,
    the amendment would not ultimately benefit the petitioner.
2.  But, it appearing that the record ought to have been as claimed
    by the petitioner, no costs were allowed either party.
3.  An offset is not available at law unless the parties are identi-
    cal.

Petition for mandamus to correct the record of a justice of
the peace.   Heard at the May term, 1896.

*F. C. Davis* for the petitioners.

*Geo. L. Fletcher* for the defendant.

There could be no offset, for the parties were not mutual.
*Phelps* v. *Buckley*, 20 Vt. 17 ; *Clough* v. *Clough*, 55 Vt.
360 ; *Brush* v. *Hurlburt*, 3 Vt. 46 ; *Bragg* v. *Fletcher*, 20
Vt. 351 ; *Johnson* v. *Kelley*, 67 Vt. 386 ; *Leavenworth* v.
*Lapham*, 5 Vt. 208 ; 2 Spelling, Mand., s. 1377 ; *Free
Press Association* v. *Nichols et als.*, 45 Vt. 18.

The writ of mandamus will be withheld when it would
not avail the petitioner.   *Hall* v. *Crossman*, 27 Vt. 297 ;
*Brush* v. *Hurlburt*, 3 Vt. 46 ; *Perkins* v. *Cummings*, 66
Vt. 488.

ROWELL, J. This is a petition for a mandamus to compel a justice to correct his record in a case tried before him in which one Spaulding was plaintiff and the petitioners were defendants. The action was debt on a recognizance of twenty dollars, entered into by the petitioners in a proceeding before another justice in which the petitioner, Amos G. Kendall, and his wife were plaintiffs and said Spaulding was defendant, wherein judgment was rendered for the defendant for eleven dollars and ninety-eight cents. In the first-mentioned action the defendants pleaded, among other pleas, to the jurisdiction, for that *scire facias* can be brought only to the court in which the judgment was rendered; and, in offset, a justice judgment exceeding twenty dollars, recovered by the petitioner, Amos G. Kendall, and his wife against said Spaulding.

Seasonably after judgment against them in the first-mentioned action, the petitioners "read to" the court, as the record says, an affidavit, setting forth that the plea in offset was made in good faith, and asked for an appeal, which was denied, the justice, as the record says, "believing the affidavit was not made in good faith, and that the offset was not such as the court had jurisdiction over."

The petitioners claim that the case was appealable, both because of the plea to the jurisdiction and the plea in offset, and seek to have the record amended in divers particulars, and especially so as to show that said affidavit was *filed with* the justice instead of "read to" him, and also so as to show that they seasonably offered sufficient security for an appeal, the record stating to the contrary.

The plea that is called to the jurisdiction, did not make the action appealable, for the action was not *scire facias*, but debt; nor does the plea set up the authority of a court in excuse or justification, as claimed. As to the judgment pleaded in offset, two of the petitioners are not parties to it, and therefore they cannot avail themselves of it at law as an offset,

for there is no legal mutuality between them and Spaulding in respect of it.    This court having a discretion in the matter, will not require an amendment that can avail the party nothing.   *Hall* v. *Crossman*, 27 Vt. 297.

The petition is therefore dismissed, but without costs, as was done in the case cited, for we are satisfied from the testimony that the petitioners did seasonably offer sufficient security for an appeal, and that the record ought to have so stated.   It is also apparent that the affidavit was sufficiently brought to the attention of the court to answer the statute, and the justice ought to have treated it as filed, and made his record accordingly.