JOSEPH B. STEWART v. C. A. KNIGHT ET AL.

November Term, 1909.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 19, 1910.

*Pleading—Set-off—Time of Filing—P. S. 1520.*

Regard cannot be had to the very letter of P. S. 1520, providing that, if a defendant in an action in county court has a demand in book against plaintiff, he may, "during the first term of the court in which he is required to appear," file a declaration in offset on book, and now, in view of the recent legislation, which has no reference to terms of court and only requires a defendant to appear on or before the expiration of forty-two days from the date of the writ, the court may, in its discretion, allow a defendant to file a declaration in offset on book at the term following the one that happened to be in session when the time limited for his appearance expired.

GENERAL ASSUMPSIT. Heard on the defendant's application for leave to file a declaration on book, at the September Term, 1909, Washington County, *Waterman,* J., presiding. Application granted, as matter of discretion. The plaintiff excepted. Cause passed to the Supreme Court before final judgment. The opinion states the case.

*H. C. Shurtleff* for the plaintiff.

*F. G. Fleetwood* and *R. M. Harvey* for the defendant.

HASELTON, J. The action is general assumpsit and was brought to Washington County Court. The writ, following the statutory form, notified the defendants to appear before said court and to cause their appearance to be entered with the clerk on or before the expiration of forty-two days from the date of the writ. The writ was dated March 4, 1909. Five days thereafter, that is March 9, 1909, a regular term of Washington County Court was opened. The forty-two days within which the defendants were required to appear, and within which they in fact did appear, expired April 15, 1909. On that day the March term of court had not completed the business of its session and so had not been adjourned. Final adjournment was had eight days thereafter, that is April 23, 1909. At the following September term the defendants asked leave to file a declaration on book in set-off, and the court, as matter of discretion, granted such leave. The plaintiff excepted. The plaintiff then filed a motion to dismiss the declaration in set-off on the ground that it had not been filed during the first term of court in which the defendants were required to appear. This motion was overruled and the defendants excepted. The court then rendered judgment to account, and ruled that an auditor be appointed. The plaintiff again excepted. The plaintiff's exceptions were allowed and the case was passed to this Court before trial.

Section 1520 of the Public Statutes is this: "If the defendant in an action in the county court has a demand on book against the plaintiff, such defendant, during the first term of the court in which he is required to appear, may file a declaration in such court, setting forth the nature of such demand,

which shall be sufficient notice to the adverse party to appear
and answer thereto, and the same proceedings shall be had
thereon as if the action on book had been commenced in the
usual form.''

It is claimed, on the part of the plaintiff, that the term at
which the declaration in set-off was filed was not the first term
at which the defendant was required to appear, and that it was
not within the discretion of the court to allow it to be filed at
the September term. The statute, above referred to, was enacted
in substantially its present form in 1797, and for about a hun-
dred years the law and the plaintiff's writ required a defend-
ant to appear in court at a stated term to be begun and holden
on a day fixed. However, by recent legislation the appearance
of a defendant, except in cases specially provided for, has no
reference to terms of court but is to be entered with the clerk
cn or before the expiration of forty-two days from the date of
the writ. The statute providing for a declaration in set-off on
book account has, however, taken no note of the changed prac-
tice, and hence the question before us has arisen. But the right
to declare on book by way of set-off remains unimpaired, and the
circumstance that the March term, 1909, of Washington County
court, had not in fact expired upon the expiration of forty-two
days from the date of the writ in question did not put it beyond
the discretion of the court, at the September term following, to
allow the declaration in set-off to be filed. Regard cannot be
had to the very letter of the statute, for a defendant is not now
required to appear at any term of court, and it is now commonly
the case that his appearance is entered and is required to be
entered in vacation. Reasonable regard must be had to the
spirit of the statute, for statutes of set-off are favored in law,
since they confer just benefits upon both plaintiff and defendant
in simplifying litigation, and since they lessen the danger that
a plaintiff who is insolvent or ''execution proof'' may recover
an enforceable judgment and leave his adversary to the recovery
of a worthless one. N. Chip. 170, 171. The injustice of the
common law in not allowing one debt to be set off against an-
other was glaring. Babbington on Set-Off and Mutual Credit, 1.
It shocked ''the natural sense of mankind,'' as was said by Lord
Mansfield in *Green* v. *Farmer,* 4 Burr. 2221. Where there are
mutual credits between two persons each of them being debtor

and creditor to the other good sense and even-handed justice suggest that each be permitted "to retain in payment of what is due him that which he owes on his part." 2 Domat's Civil Law, Cushing's Edition, 909. By Section 4 of the Statute of 8 George II, Chap. 24, an earlier statute relating to set-offs, temporary in its character, was made perpetual and so grafted upon the common law for the reason given that "the provision for setting mutual debts one against the other is highly just and reasonable at all times." Since our statute provides for a declaration in set-off on book, and since the statutory provision for the time of filing such declaration is now inapplicable, that matter may be regulated by rules of court or by the sound discretion of the court.

*Judgment affirmed and cause remanded.*