GLOBE GRANITE COMPANY *v.* CHARLES CLEMENTS.

October Term, 1917.

Presént: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 17, 1918.

*Trial—Referee's Report—Pleadings—Amendments—Powers of Trial Court—Practice Act—Plea in Offset—Amendment—Sales—Warranty—Evidence—Value—Contracts — Express Warranty—Construction—Enforcement of Right of Action for Breach of Warranty—Final Judgment.*

On hearing on a referee's report, in which the transcript is referred to, the trial court has a right to avail itself of the transcript, and the general right to inquire *dehors* the record, in ascertaining whether an amendment to a plea in offset should be allowed.

Where a claim in offset is not designated as for a breach of warranty, but is treated as such on the trial before a referee, it is not error, on hearing upon the referee's report, to allow an amendment to the plea in offset which averred a breach of warranty.

When a cause is referred, the pleadings are to be treated as adapted to the facts found, when no new cause of action is thereby brought in, and the formal pleadings may be treated as amended or may be actually amended before judgment.

Under the Practice Act, as well as under the cases decided prior to its taking effect, a plea in offset in the common counts may be amended by adding thereto a count for breach of warranty, without introducing a new cause of action.

In the absence of a showing to the contrary, the price paid for a granite monument may properly be taken as evidence of its value, if it had been as warranted, and the cost of making it as warranted is

evidence tending to show how much its actual value fell short of the value of the warranted monument.

That a contract is by way of an undertaking to comply with a written order is immaterial on the question whether such contract contains an express warranty.

Where a contract is evidenced by a written instrument, the question whether it embodies an express warranty is one of construction for the court.

A positive provision in a contract for the manufacture and sale of a granite monument that such monument should be sound and free from cracks is an express warranty against specific defects.

The breach of an express and absolute warranty contained in a contract for the manufacture and sale of an article, gives rise to a right of action which can be asserted in an independent suit by the vendee, or pleaded in offset to any action founded upon contract, brought by the vendor against him, by proving the warranty and the breach without more.

Where the report of a referee furnishes the necessary basis for a judgment adjusting the entire controversy, no remand is required but final judgment will be rendered in Supreme Court.

ASSUMPSIT in the common counts. Plea in offset. Heard on the report of a referee at the March Term, 1917, Washington County, *Wilson*, J., presiding. Judgment for plaintiff. Both parties excepted. The opinion states the case.

*Theriault & Hunt* for plaintiff.

*John W. Gordon* for defendant.

HASELTON, J. This is an action of contract, in the form of general assumpsit. The plaintiff filed a specification, of a skeleton character, referring to various contracts for monuments, and claiming a balance of $449. The defendant, among other pleas, filed a plea in offset in the general counts in assumpsit, and the cause was referred. Before the referee the defendant filed a specification under his plea in offset. This specification was also of a skeleton character. It contained a claim with reference to a certain contract 39888 so called, not one of the contracts to which the plaintiff's specification related. On hearing before the referee, the plaintiff's specification was con-

ceded to be correct, and the entire controversy was over the defendants' claim in offset with reference to contract 39888, which was a contract for a granite monument. The defendant ordered this monument of the plaintiff, and the order specified that it should be from sound stock and free from cracks. The plaintiff accepted the order and constructed and forwarded the monument. Before the defendant had opportunity to inspect the monument he, at the request of the plaintiff, sent a check in payment therefor. In a letter accompanying the check the defendant said that the check was sent with the understanding that the work was according to agreement.

The defendant was a dealer in monuments, and sold the work in question to Williams and Bowers of Cortland, New York, who procured it for a customer there, one Rowley. The monument was set up in a cemetery, and afterwards, when lettering was being done, a crack was discovered upon the die, extending across the lettering. This crack had until then been invisible to and undetected by any one who had inspected the monument or had to do with setting it up. The crack in fact existed in the die when the stone was shipped by the plaintiff. It was caused by a blast when the stone was quarried.

There is no room for doubt, on the facts reported, that, in view of the nature of the work as a monument to the dead, the crack constituted a substantial defect, and rendered the die worthless for the purpose for which it had been furnished. Williams and Bowers had given their note to the defendant in payment for the monument, but on account of the defect refused payment of the note. The defendant insisted that the plaintiff furnish a new die, but the plaintiff claimed that the die already furnished complied with the contract and was perfect, and refused to replace it, and never consented that it should be replaced at its expense. Finally the defendant replaced the die at an expense of $340.26. The referee reported to the court in the alternative, making the amount recoverable by the plaintiff to depend upon the allowance of the above sum as an offset to the balance otherwise due the plaintiff.

At the hearing on the referee's report, and before judgment, the defendant obtained leave of court to file and did file an amendment to his plea in offset by adding thereto averments of an express warranty in the contract in question, and of a breach of such warranty in consequence of the crack in the die by rea-

son of which the plaintiff was damaged to the amount of the offset conditionally reported by the referee. To the action of the court in allowing this amendment the plaintiff objected and excepted on the ground that the amendment ''introduced a new and different cause of action and claim in offset, distinct from and inconsistent with the claim in offset tried before the referee.''

The transcript was referred to, and the court had a right to avail itself of that in determining whether the amendment offered was allowable, and had a general right to inquire *dehors* the record to ascertain the real counterclaim sought to be established by the plea in offset; and we think that the ruling of the court allowing the amendment should be sustained. From the transcript it appeared that, while the defendant had nowhere designated his claim in offset as for a breach of warranty, he had, practically at the outset, stated his claim in such a way that the plaintiff recognized its character, and twice applied to it its technical name. The court had ample ground for the finding which it impliedly made that the right to an offset for a breach of warranty was tried out before the referee, and was in effect the counterclaim of which the defendant sought to avail himself by pleading in offset in the common counts in assumpsit.

When a cause is referred, the pleadings are to be treated as adapted to the facts found when no new cause of action is thereby brought in, and the formal pleadings may be treated as amended or, as here, may be actually amended accordingly before judgment. *McDonald* v. *Place,* 88 Vt. 80, 85, 90 Atl. 948; *Camp* v. *Barker,* 87 Vt. 235, 237, 238, 88 Atl. 812, Ann. Cas. 1917 A, 451; *Van Dyke* v. *Grand Trunk Ry. Co.,* 84 Vt. 212, 78 Atl. 958, Ann. Cas. 1913 A, 640; *Gordon's Admr.* v. *Hotchkiss,* 82 Vt. 479, 74 Atl. 74. The plaintiff argues, in effect, that, as assumpsit in the common counts will not lie for a breach of warranty, the amendment to the defendant's counterclaim necessarily brought in a new cause of action. But our best-considered cases prior to the Practice Act indicate that this claim is unfounded, show that a special count may be for the same cause of action as a general or common count. *Patterson's Admr.* v. *Modern Woodmen of America,* 89 Vt. 305, 95 Atl. 692; *Lamb* v. *Zundell,* 78 Vt. 232, 62 Atl. 33; *Lyndon Granite Co.* v. *Farrar,* 53 Vt. 585; *Dana* v. *McClure,* 39 Vt. 197. And under the Practice Act the fallacy of the plaintiff's claim in the respect under consideration is obvious.

On the question of the scope of the real issue tried by the referee the plaintiff calls attention to the fact that the amount found conditionally for the defendant was simply the cost of replacing the cracked die, and says that from this it appears that no issue of breach of warranty was made, since in that case the damages must have been the difference between the value of the monument as it was and the value it would have had, if it had been as warranted. Let it be assumed that this general rule applies to a case of this sort. Nevertheless, in the absence of a showing to the contrary, the price paid for the monument might properly have been taken as evidence of its value had it been as warranted, and then the cost of making it as warranted would be evidence tending to show how much its actual value fell short of the value of the warranted monument. *Houghton* v. *Carpenter*, 40 Vt. 588, 596; *Melby* v. *Osborne*, 33 Minn. 492, 24 N. W. 253; *Wheeler, etc., Mfg. Co.* v. *Thompson*, 33 Kan. 491, 6 Pac. 902; *Showen* v. *Owens Co.*, 182 Mich. 264, 148 N. W. 666.

With the claim of an express warranty in the case as a claim in offset, the court disallowed the claimed offset and rendered judgment for the plaintiff to recover the larger sum reported by the referee. To this judgment the defendant excepted on the ground that the offset should have been allowed and judgment rendered for the smaller sum reported. Under this exception the substantial question raised and argued is whether there was in the contract in question an express warranty surviving such acceptance as the report here shows. That the contract was by way of an undertaking to comply with a written order is here immaterial. And, since the instrument evidencing the contract is in writing, the question of whether it embodied an express warranty is one of construction for the court. *Hobart* v. *Young*, 63 Vt. 363, 21 Atl. 612, 12 L. R. A. 693; *Unadilla Silo Co.* v. *Hull*, 90 Vt. 134, 96 Atl. 535. Now, considering the subject-matter of this contract, it cannot be said that the positive provision that the monument should be sound and free from cracks was merely descriptive of the kind of a monument to be furnished. This positive provision was an express warranty against specific defects, as much so as a sale of a horse with a positive representation that it is without a spavin, embodies an express warranty that the horse is without such unsoundness. *Hobart* v. *Young, supra; Franklin & Co.* v. *Lamson & Co.*, 189 Mass. 344, 75 N. E. 624; *Unadilla Silo Co.* v. *Hull, supra.* Since here was an express warranty, the discussion

by counsel of an implied warranty, its character and incidents, need not be noticed. And since the warranty was express and absolute, the defendant had a right of action which he could assert in an independent suit, or by way of offset to any action founded on contract brought against him by the plaintiff, by proving the warranty and the breach, without more. *Hobart* v. *Young, supra; Pennock* v. *Stygles,* 54 Vt. 226; *Richardson* v. *Grandy,* 49 Vt. 22; *Pinney* v. *Andrews,* 41 Vt. 631, G. L. 1806.

The offset should have been allowed, but the case requires no remand. The referee's report furnishes the necessary basis for a judgment adjusting the entire controversy here, such judgment as the trial court should have rendered by way of giving effect to the salutary principles underlying the whole law of offsets. *Stewart* v. *Knight,* 83 Vt. 201, 203, 75 Atl. 12. As the plaintiff points out, had judgment been rendered for the plaintiff for the smaller sum reported by the referee, interest thereon should have been brought down to the date of the judgment, which was August 3, 1917, making the amount that the plaintiff was entitled to recover as of that date $176.09.

*Judgment for the larger sum reported reversed, and judgment for the plaintiff to recover, as of August 3, 1917, the sum of $176.09 with costs below. Let the defendant's costs in this court be deducted.*