This is an action of contract, brought to Rutland County Court, declaring upon a certain promissory note, dated August 22, 1904, signed by the defendant, for the principal sum of $2,095, payable to the order of the plaintiff on demand after date with interest at five per cent. Defendant pleaded general denial and payment; he also, pursuant to the provisions of G.L. 1819, filed a complaint on book account in set-off, with a specification thereunder.
The plaintiff replied, joining issue on the first two pleas and answering the complaint in set-off by denying the allegations therein; by alleging "that the causes of action set forth in said complaint and specification, if any such there were, accrued between two partnerships in only one of which the defendant was *Page 52 
a partner and not between the parties hereto, and are not proper to be herein considered," and by pleading the Statute of Limitations.
Whereupon defendant filed an additional plea, setting forth in substance that from 1890 to 1902 the plaintiff and defendant, who are brothers, had been interested in the partnership of Rising 
Nelson, together owning in equal shares a one-half interest therein during the latter part of said period, the other half interest being owned by the Estate of S.M. Rising; that plaintiff chiefly managed the business, being trusted implicitly by defendant who therefore accepted without question his brother's statements about the business; that on January 1, 1902, the brothers established the firm of Rising Nelson Slate Company, in which they were equal partners, for carrying on a slate business at Pawlet, this State, which firm purchased the property of the Rising and Nelson Company and of the firm of Rising 
Company, a partnership consisting of the plaintiff and said S.M. Rising, the latter having theretofore deceased and his interest in the firm being administered by his administrator, Arthur H. Morrow; that defendant took an active interest in the new firm, dealing with the manufacturing and selling end, while plaintiff looked after the accounts and the financial part of the business; that defendant had absolute confidence in his brother and signed notes and checks connected with the business without question or investigation as to the consideration therefor; that defendant signed the note in suit, when presented to him by plaintiff, believing that it represented a just obligation due from him to his brother in connection with the acquisition by the Rising 
Nelson Slate Company, of properties purchased at the time of its formation; that he made similar payments of interest and upon the principal of said note as appears by the indorsements thereon; that in fact the note was without consideration, and that at the time of its execution he owed plaintiff nothing, inasmuch as he had paid his full share of the purchase price of all the property acquired by the Rising Nelson Slate Company, at its formation; and that there is justly due him from plaintiff all the moneys paid on said note, which he would not have paid but for his confidence in his brother, and the fraud perpetrated upon him. Defendant asked that such payments alleged to aggregate $1,398.75, with interest, be awarded him in this suit as justly due him, and prays the same benefit of his plea as if he had made *Page 53 
his defense of fraud induced by mistake by bill in equity. He concludes with the prayer for judgment "if plaintiff ought to have or maintain his aforesaid action against him and that this defendant's said defense may be treated pursuant to Section 1797 of the General Laws of Vermont, and he be awarded the amount his due and have such further relief in the premises as to the court shall seem meet and this case may require."
To this additional plea the plaintiff replied denying that the note in suit was without consideration and averring that it was given upon good and valuable consideration, to wit, a settlement, accord and satisfaction between himself and the defendant of all claims and demands between them as individuals, together with such an adjustment between them in respect to their affairs as partners in the Rising Nelson Slate Company that they thereby became and were equal partners therein. Plaintiff further replied denying that prior to the execution and delivery of said promissory note, the defendant had paid his full share of the purchase money of all the property acquired by the Rising 
Nelson Slate Company at its formation; and further denying fraud with respect to the promissory note or otherwise; and further denying the right of the defendant to recover the whole or any part of the moneys paid by defendant and indorsed on said note, or to interpose any equitable defense in this action so long as the same is pending in a court of law.
The court appointed the same person as auditor and referee to hear said cause "in accordance with the laws of this State," and to make and file his report therein.
No report was made by the trier as auditor; but as referee he reported the following material facts:
Prior to 1902 the plaintiff and one S.M. Rising were engaged as equal partners in the slate quarrying business under the firm name of Rising Co. Upon the death of Rising the business was carried on for a time, and until Rising's interest therein was sold as stated below, by the plaintiff and the administrator of Rising's estate. During the latter part, at least, of the period in which the firm of Rising Co. were doing business as last above stated, a similar business was conducted by said S.M. Rising and Charles H. Nelson, father of the parties to this suit, under the firm name of Rising Nelson. Charles H. Nelson died in 1886 or 1887, and in due time the interest of his estate in the latter firm was acquired in equal shares by plaintiff and *Page 54 
defendant. Rising then being deceased, the business of Rising 
Nelson was carried on for a time, and up to January 1, 1902, by the administrator of Rising's estate, which owned a one-half interest therein, and the parties hereto, each of whom owned a one-fourth interest.
On January 1, 1902, the plaintiff and defendant formed a partnership under the firm name of Rising Nelson Slate Company for the purpose of taking over and continuing as equal partners, the assets and business of the partnerships theretofore doing business as Rising Co., and Rising Nelson. To make them equal partners therein it was necessary for the defendant to acquire the Rising estate's one-half interest in Rising Co. (his brother, the plaintiff, owning the other half), and a one-fourth interest in the assets and business of Rising Nelson, in other words, one-half of the Rising estate's one-half interest therein; and for the plaintiff to acquire a like one-fourth interest in the assets and business of Rising Nelson.
The interest of the Rising estate in the assets of Rising 
Co., and Rising Nelson, was conveyed to the parties hereto by three assignments of leases and two bills of sale, exhibits in the case, the net result of which as to the parties hereto, taken in connection with their pre-existing interest in the firm of Rising Co., and Rising Nelson, was to vest in them equal undivided interests in the assets of those firms.
Plaintiff concedes that on the face of those instruments there would remain nothing to adjust as between him and defendant, as they would effect the transfer to defendant of the same interest in the machinery covered thereby as was owned by plaintiff; but he claims that this would be the result of the conveyances only upon the assumption that the consideration for them moved solely and directly from the defendant, which he denies; and that the fact that these exhibits vest in defendant an interest in the property covered thereby equal to that of his brother simply indicates the purpose of the draftsman to make plaintiff and defendant equal record owners of the property.
The entire purchase price of the Rising interest in Rising 
Co., and Rising Nelson was $20,300, not including the slate covered by the Rising Nelson Slate Company's note hereinafter referred to. Of this amount defendant claims and the referee finds that he contributed $5,600 as the purchase price of the Rising estate's interest in Rising Co., and that the balance of *Page 55 
$14,700 was paid by the Rising Nelson Slate Company, — in other words by the plaintiff and defendant in equal shares. The $5,600 paid by defendant was deposited to the credit of the Rising Nelson Slate Company, and the total purchase price was paid by one check of the latter company. But the question is whether, as between plaintiff and defendant, the payment of $5,600 by defendant equalized the interests of the brothers in that company. The payment of $20,300 for the entire Rising interest was in a lump sum, covering the entire property, both real and personal, and without apportionment as to the two kinds of property.
The parties agree that when plaintiff presented the note in question to defendant to sign, he said that it covered machinery in part. Defendant at the hearing waived any claim of fraud, and placed his case on the ground of mutual mistake. On all the evidence the referee finds that the note in suit covered some adjustment of machinery account as between the parties, but there was no evidence tending to show to what extent such adjustment entered into the consideration of the note.
Plaintiff further claimed that the note in suit covered, besides the interest in machinery hereinbefore referred to, an outstanding note which he held against his brother, the purchase price of plaintiff's interest in certain slate, and perhaps some other things. The referee finds that there was such a note and that it entered into the consideration of the note in question; but there was no evidence tending to show the precise or even the approximate amount of this note and no finding is made on that point.
As to the slate which plaintiff claimed formed part of the consideration of the note in question, the case stands on the following state of facts: During the period when the firms of Rising Co., and Rising Nelson were both in business, the former produced slate which the latter marketed. In the original course of dealing, which continued down to about 1900, Rising 
Nelson furnished labor and material for the operation of the quarries of Rising Co., which were referred to in the testimony as quarries No. 4 and No. 5, and marketed the slate so produced. The expense of production was charged by Rising Nelson to Rising Co., and when the slate was sold the proceeds thereof were credited to Rising Co. Thus it appears that the slate taken from the quarries of Rising Co., under the foregoing *Page 56 
arrangement remained their property until sold. From and after January 1, 1900, or thereabouts, this course of dealing was changed, so that slate from the quarries of Rising Co., was taken over by Rising Nelson and credited up when produced, instead of remaining the property of Rising Co., until sold. The significance of this change in the course of dealing lies in the fact that under it all slate on banks of the Rising Co. quarries at the time the Rising interests were taken over by the Rising Nelson Slate Company, was the property of Rising 
Nelson and therefore plaintiff and defendant, who owned equal interests in that partnership, were equal owners of such slate.
There was certain slate on the banks of quarries No. 4 and No. 5 at the time the interest of the Rising estate in Rising Co., and Rising Nelson was purchased. This slate was covered by a note given to the administrator of the Rising estate for $4,817.05, which note was subsequently paid by the Rising 
Nelson Slate Company. It is therefore clear that, contrary to plaintiff's testimony in his opening, this specific slate could not have entered into the settlement between these parties evidenced by the note, his testimony going upon the theory that the slate here referred to was the property of Rising Co., at the time of the purchase of the Rising interest, and therefore owned in equal shares by him and the Rising estate.
It appears from the books of Rising Nelson that on January 1, 1902, there was a balance due Rising Co. from Rising Nelson of $4,080.63 for slate taken from quarries No. 4 and No. 5. There was no testimony tending to show, and no claim made, that this specific balance has been paid. Defendant's contention on this point is disclosed by his complaint in set-off and the specifications filed thereunder. It is in brief this: Rising 
Nelson advanced money to Rising Co. for the operation of their quarries, and marketed the product thereof. The books of account of Rising Nelson, wherein appears the Rising Co. account, do not show any debit items covering interest on such advancements, or commissions on sales of the Rising Co. slate made by Rising Nelson. The specifications referred to, marked in evidence as Plaintiff's Exhibit 2, cover the period from August 29, 1890, to January 1, 1902. They include items of commission and interest, but no such items appear in the original books, which, as already stated, show a balance due Rising Co. of $4,080.63 as of January 1, 1900. This account *Page 57 
never was closed on the books. There was no evidence tending to show any agreement or understanding, as between Rising Co., and Rising Nelson, with reference to interest on advances or commissions on sales, nor was any claim made by plaintiff that either interest or commissions had in fact been paid. Defendant testified that the usual commission for the sale of slate was fifty cents per square, and such is found to be the fact.
After the evidence had disclosed that the slate on the banks of quarries No. 4 and No. 5 was the property of Rising Nelson, at the time the Rising interests were purchased, and therefore could not have entered into the consideration of the note, plaintiff conceded his error, and then claimed that the note was intended to cover the amount due him by way of adjustment of the book balance of $4,080.63 above referred to. The referee is in some doubt whether plaintiff had this balance in mind when he presented the note for signature. It was a balance resulting from a long course of dealing between Rising Co. and Rising 
Nelson, — a balance standing in an unsettled account, and it is hardly probable that he would have referred to it in terms of slate. Plaintiff's testimony on this point in his opening, wherein he referred to a definite number of squares of slate as entering into the consideration of the note, would seem to indicate that he had specific slate in mind, in what he said to defendant when the note was given, rather than a book balance growing out of slate transactions.
There is nothing on the books indicating an adjustment of this account; and except as plaintiff claimed and testified, that this balance was merged in the note in suit, there was no evidence tending to show that it had ever been adjusted as between the parties.
The evidence tended to show, and the referee finds, that at the time the note was given it was intended to effect a financial adjustment as between the parties thereto, so that thereafter they would be equal partners in the Rising Nelson Slate Company.
But if, at the time the note was presented to defendant for signature, plaintiff understood that it covered an adjustment of the book balance hereinbefore referred to, the evidence falls short of showing a like understanding on the part of the defendant. His attention was not called to this book account as a matter entering into the consideration of the note. Plaintiff did tell *Page 58 
him that it covered an interest in some slate, and defendant might well have understood that it did, being in error on that point because of the fact that title to the slate had passed to Rising Nelson, instead of remaining in Rising Company, really by force of a changed method of bookkeeping. Plaintiff was a bookkeeper, defendant was not; as between them the partnership bookkeeping was left to the plaintiff.
The referee has reported all the facts established by the evidence relative to the set-off on account of interest and commissions claimed by defendant; and the question of his right to recover the same, by way of set-off or judgment, is referred to the court.
It is found that the several payments made by defendant on the note in suit were made without objection on his part; that he supposed the note was given for a full consideration, and discovered nothing indicating to his mind the contrary until just before this suit was brought, when, being asked by his brother for a payment on the note he inquired what the note was given for, and when his brother took offense at this question, he began an investigation, resulting in the disclosure of the facts hereinbefore stated. In signing the note defendant supposed that it represented the amount due his brother. He took no steps to investigate as to the adjustment evidenced by the note, either at the time he signed it or later, except as above stated.
The question whether or not, as matter of law, and upon the facts herein reported, defendant is entitled to recover back anything paid by him on said note, is referred to the court.
Defendant moved to recommit the referee's report to find and report (1) whether the defendant in signing the note understood that it included one-fourth of $4,817.05 for slate, which sum was not due from him to his brother to make them equal partners in the Rising Nelson Slate Company; and (2) if said sum be deducted from the principal as of the date of the note, what will be the sum now due applying the payments made and computing interest at the rate of five per cent.? The report being recommitted accordingly, the supplemental report stated that on further reviewing the testimony and the briefs of counsel, the referee was unable to answer the first of the questions contained in the motion for recommitment, and because of this answer to the first question, answer to the second becomes immaterial. *Page 59 
Defendant then moved that the referee's report be not accepted; that the cause be referred to another referee or tried by the court, in order that the issue made by the pleadings may be so determined that a satisfactory judgment may be rendered in said cause; and to this end defendant excepted to the report as completed by the supplemental report of the referee, for that the referee has failed to make a clear and concise statement of findings of fact from the evidence in the case, but on the contrary has omitted to make any finding upon a question in regard to which the evidence of the plaintiff in his opening testimony, and of the defendant, was the same. The motion refers to affidavits of defendant's attorney, attached thereto, and to the report and supplemental report of the referee as part of the motion.
Thereupon another order recommitting the case to the referee to find and report specifically the items which enter into the consideration for the note in suit; "and the referee is directed to cause the parties to produce further evidence before him, if he shall deem it necessary, in order that the specific findings as to the consideration of the note may be made by him." To this order the referee reported as follows: "In the above entitled cause, which was recommitted to me after the filing of original and supplemental reports, I have to report that upon a review of the evidence before me, I am unable to modify or supplement the findings already made."
Defendant's motion not to accept the report of the referee and auditor was renewed for the reasons before stated, and for the additional and more specific reason that the auditor has failed to ascertain the balance due upon book account upon the issues raised by the pleadings in that respect. The ground of this objection being that, as appears by the report, the plaintiff claims the "amount due him by way of book balance of $4,080.63," was included in the note in suit, that "said balance" was "standing in an unsettled account"; "there is nothing on the books indicating an adjustment of this account."
As a part of this motion, reference is made to the former motions and the pleadings, specifications in book account, the report and supplemental reports, motions and affidavits already filed, and the orders of the court thereon.
Before judgment defendant excepted to the order of the court overruling the last named motion, for the following reasons: (1) That the auditor has failed to ascertain the amount due *Page 60 
defendant upon book account; (2) that as referee, he has failed to find the facts and report upon all matters submitted to him by the parties by their pleadings and evidence; (3) that the auditor and referee has failed to determine the issues raised by the pleadings or any of them, and especially to find facts upon the evidence bearing upon the equitable jurisdiction invoked by defendant's plea; (4) that for the purpose of rendering judgment thereon the report is equivalent to the disagreement of a jury; (5) that the authority of the court is limited to pronouncing the law upon the facts found by the referee and that it can not add to the facts so found.
In connection with this motion the court finds certain facts which we do not deem necessary to recite here — leaving them for reference if essential to the disposition made of the case.
The case was heard upon report and motions of the defendant. The motion not to accept the report was overruled, to which defendant excepted. Exceptions by defendant upon the grounds filed before judgment, which exceptions are allowed and made a part of this bill of exceptions. Judgment was rendered for the plaintiff to recover of defendant the sum of $2,534.98, to which defendant excepted for reasons assigned in the exceptions to the motion not to accept the report, and specifically for the reason that the plaintiff is not entitled to judgment before ascertainment of what, if any, amount is due as balance upon book account, according to law. And further, that the court has no right or authority to supplement any facts found by the referee in order to render judgment.