DELIA MOULTON SOULIA *v.* HIRAM H. STRATTON.

Special Term at Rutland, November, 1925.

Present:    WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 9, 1926.

*Ejectment — Reference — Variance—Boundaries—Division Line Recognized by Adjoining Proprietors.*

1.    In action of ejectment, where case was referred, any question of variance between description of premises in complaint and proof is avoided by reference, pleadings being treated as adapted to facts found, when no new cause of action is thereby brought in.

2.    In such action, where case was referred, plaintiff was entitled to

recover if referee's report showed that she had legal right to land in dispute, together with right of possession at time suit was commenced.

3.  In such action, where controversy arose over division line between parties' land, and referee to whom case was referred found that line claimed by plaintiff had been mutually recognized by adjoining proprietors as their division line for more than 15 years, accompanied by continued possession of adjoining properties with reference thereto, *held* that division line had thus been established, and was binding upon parties and their privies.

ACTION OF EJECTMENT.   Heard on referee's report at the September Term, 1924, Rutland County, *Moulton, J.,* presiding. Judgment for plaintiff.   The defendant excepted.   The opinion states the case.   *Affirmed.*

*George M. Goddard* for the defendant.

*B. H. Stickney* for the plaintiff.

TAYLOR, J.   The plaintiff has sued in ejectment to recover the seizin and possession of a small piece of land which the defendant occupies and claims to own.   The case was referred and was heard in the court below on the referee's report.   The plaintiff had judgment, and the defendant argues an exception thereto.

[1, 2]   The only claim relied upon for a reversal is that on the report there was not a disseizin of the plaintiff, nor a wrongful possession by the defendant, of the premises described in the complaint.   It is not denied that the defendant was in possession of the disputed territory during all the time material, but the point relied upon is that the land claimed by the plaintiff is not included in the premises described in the complaint.   The case having been referred, this objection cannot avail the defendant. Any question of variance between the description of the premises in the complaint and the proof is avoided by the reference. *Spaulding* v. *Warren,* 25 Vt. 316, 321. In such case the pleadings are to be treated as adapted to the facts found, when no new cause of action is thereby brought in.   *Globe Granite Co.* v. *Clements,* 92 Vt. 383, 386, 104 Atl. 104; *McDonald* v. *Place,* 88

Vt. 80, 85, 90 Atl. 948. So, to entitle the plaintiff to recover, it is enough if the report shows that she had a legal right to the land in dispute, together with the right of possession at the time the suit was commenced. *Spaulding* v. *Warren, supra.*

[3] The parties are adjoining land owners, and the controversy arises over the location of the division line between their lands. The judgment was clearly right, if the line is where the plaintiff claims. The referee has found in effect that the line claimed by the plaintiff had been mutually recognized by the adjoining proprietors as their division line for more than fifteen years, accompanied by continued possession of the adjoining properties with reference thereto. The rule is well settled that adjoining owners may thus establish the division line of their lands, which will be binding upon them and their privies. *Crowell* v. *Bebee,* 10 Vt. 33, 33 A. D. 172; *Burton* v. *Lazell,* 16 Vt. 158; *Ackley* v. *Buck,* 18 Vt. 395; *Brown* v. *Edson,* 23 Vt. 435; *Spaulding* v. *Warren,* 25 Vt. 316; *Clark* v. *Tabor,* 28 Vt. 222; *Davis* v. *Judge,* 46 Vt. 655; *Camp* v. *Camp,* 59 Vt. 667, 10 Atl. 748; *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 450, 101 Atl. 151. See note *White* v. *Everest,* 1 Vt. (Ann. Ed.) 181.

*Judgment affirmed.*