PHELPS SMITH *v.* JOSEPH PETTINGILL, CHARLES GRANNIS, and DANIEL ROBERTS.

*( In  Chancery. )*

A court of chancery will not interfere by injunction, to prevent a mere trespass, when the impending injury is remediable by the recovery of damages at law.

Injuries to timber, ore, monuments, ornamental trees, coals, and quarries, have been held exceptions to this rule.

In a case of breach of contract, the court of chancery will not interfere, where the remedy at law is adequate.

THIS was an appeal from a decree of the chancellor, dismissing the orator's bill. The defendants severally answered, and the answers were traversed. From the bill and answers, it appeared, among other things,—

That, in November, 1839, the orator executed to the defendant, Pettingill, a lease of a certain farm in Milton for two years from the first of April then next ; that it was stipulated in said lease " that, in case, there should not be, in ' either year of said time, in the estimation of said Pettingill, ' hay and coarse fodder enough raised upon said premises, ' by saving the whole of the same, in a prudent, husband-like ' manner, for the support of thirty cows, two oxen, ten ' calves, and one horse, the said Pettingill shall be at liberty ' to make up the deficiency by cutting upon the Colchester ' meadows, hay of an average quality with the whole mead- ' ows, for that purpose, and to stack and to preserve the ' same there, until he may choose to draw it away ;" and that Pettingill, on his part, covenanted to use, occupy, and manage the leased premises in a good, husband-like manner.

It further appeared that there was not, in the season of 1840, sufficient hay and coarse fodder upon the leased premises to keep the stock mentioned in said lease, and that Pettingill, not having placed upon said premises the quantity of stock in said lease specified, claimed the right to enter upon the " Colchester meadows " referred to in the lease, and cut hay enough to supply the deficiency upon the leased premises to keep the stock specified, and dispose of the same wheresoever he might choose, instead of removing it on to, and feeding it out upon, the said premises, which the orator claimed he was bound to do ; and that, in pursuance of such

claim, Pettingill had sold a certain quantity of hay to be cut from said " Colchester meadows," to the defendants, Grannis and Roberts, who had carried away a part of the hay so by them purchased.

The orator prayed for an injunction to restrain the defendants from selling any hay from the " Colchester meadows," or using the same in any other manner than cutting and stacking upon said premises a sufficient quantity to make up any deficiency upon the demised premises, and removing the same to be fed out thereon.

*J. Maeck,* for orator.

Chancery will always restrain a tenant from doing an act, whether it amount to waste or not, when it is a violation of the tenant's covenant. Wheeler's Eden on Injunction, 184 ; *De Willon* v. *Saxon,* 6 Ves. 106 ; *Sir Wm. Pulteny* v. *Skelton,* 5 do. 147; *Ward* v. *Duke of Buckingham,* 10 do. 161 ; *Lathrop* v. *Marsh,* 5 do. 259.

If complainant has put the right construction on defendant's covenant, then the defendant, by going upon the Colchester premises and selling hay to be used off of the demised premises, was guilty of trespass, wilful waste and wilful breach of his own covenant ; and courts of chancery, in modern times, interfere in matters of simple trespass where a relationship exists between the parties. The notion that the trespass must amount to an irreparable injury before they will interfere, is now exploded ; and the following cases show that they grant injunctions in cases of trespass. *Field* v. *Beaumont,* 1 Swans. 208, and cases there cited ; *Hanson* v. *Gardner,* 7 Ves. 305 ; *Mitchell* v. *Dorrs,* 6 do. 147 ; *Hamilton* v. *Worsefold,* cited in *Courthope* v. *Mapplesden,* 10 Ves. 290 ; *Thomas* v. *Oakley,* 18 do. 184 ; *Crockford* v. *Alexander,* 15 do. 138 ; 16 do. 128 ; *Kender* v. *James,* 17 do. 110 ; *Earl Cowper* v. *Baker,* 17 do. 128 ; *Gray* v. *Duke of Northumberland,* 17 do. 281 ; *Gustin* v. *Asplin,* 1 Mass. 150.

*Allen & Platt,* for defendants.

An injunction will not be granted in cases of mere trespass, but only in cases of waste or irreparable injury to the freehold. The taking off the annual growth is not such injury.

<div style="margin-left:marginal">

CHITTENDEN,
January,
1843.

Smith
v.
Pettingill et al

</div>

An irreparable injury, and one which requires the aid of a court of chancery to prevent, is when a tenant for life or for years is taking off the timber trees, pulling down the buildings, or digging the land for mines, to the lasting injury of the freehold. *Kane* v. *Vanderburgh*, 1 John. Ch. R. 11 ; *Stevens* v. *Beekman*, do. 318.

Waste is a spoil or destruction of houses, gardens, trees, or other corporeal hereditaments, to the injury of him who hath the reversion or remainder in fee simple. Co. Lit. 53.

But Smith may have his remedy at law. He is the owner, in fee, of the land, and in full possession, and may bring trespass. There is no term of years in the defendant, nor any intervening proprietor between him and the plaintiff, to prevent his action at law. In the case of *Stevens* v. *Beekman*, 1 Johns. Ch. R. 318, the motion for an injunction, was denied because the defendant, being a trespasser only, might be sued at law.

The opinion of the court was delivered by

REDFIELD, J.—It is not necessary to go into the question of the construction of the contract, as, in any view which can be taken of the case, the plaintiff must have an ample remedy at law, either in trespass for entering upon his land and cutting hay in a manner, and for a purpose, not within the fair construction of the contract ; or else, for a violation of the contract, in cutting more hay than was necessary for the purposes for which the license was given, or for failing to apply it to the purposes therein contemplated.

But a court of chancery will never interfere to prevent, by injunction, a mere ordinary trespass where the injury would be in no sense irreparable, and where an adequate remedy might be found in the recovery of damages. Injunctions to restrain or prevent trespasses have been granted only when the impending injury was to timber, ore, monuments, ornamental trees, coals, and quarries. 2 Story's Equity Jurisp. 207–8–9, and cases there cited. In most of these cases, the recovery of damages merely, would be an insignificant or very inadequate remedy. The doctrine in regard to this subject is elaborately discussed and placed upon its true ground in the case of *Jerome* v. *Ross*, 7 Johns. Ch. R. 315. By reference to the cases there cited, it appears that the entire ju-

risdiction of courts of chancery in cases of trespass, is of very recent origin.

A mere breach of contract is never restrained in advance, or redressed, subsequently, in a court of equity, where the remedy at law is adequate to the injury. This case, in this aspect, is not very dissimilar to that of *Titus, Exec.* v. *Washburn*, 9 Kent. 211.

Decree of the chancellor affirmed.