## A. L. KELLOGG v. FOX & MINOGUE.

*Partnership.* *Conditional Sale by one Partner of his interest in the Partnership Property to a Third Person.*

The plaintiff, one of the partnership of B. & K., sold his interest in the business and property of the firm, including debts due them, to the defendants, upon condition that the property sold should remain the property of the plaintiff until paid for, and until the liabilities of said firm, which the defendants assumed, should be paid. B. retained his interest in the business, and kept along in it with the defendants. The defendants, with the consent and concurrence of B., and in the usual course of business, not having fully paid the plaintiff for said property, nor any of said liabilities, sold a portion of said property, without, at the time, intending to appropriate the avails thereof contrary to their agreement with the plaintiff; but they subsequently did appropriate said avails to their own private use, and abandoned said business. *Held*, that the plaintiff could not maintain trover against the defendants for the property thus sold by them.

TROVER for a quantity of slate mantels. Plea, the general issue, and trial by the court, March term, 1871, WHEELER, J., presiding.

On the first day of September, 1870, and for some time previous thereto, the plaintiff, with one Patrick Burke, was engaged in the manufacture and sale of slate mantels, and other slate goods, at Fair Haven, in the county of Rutland, as equal partners, under the firm name of Burke & Kellogg. On that day, the plaintiff sold to the defendants, conditionally, all his interest in said business, and the property belonging to said firm, including all the debts due the firm, for the sum of $1138.47 ; the defendants assuming the debts of said firm, amounting to $4174.43. An inventory of the goods on hand at the time of the sale, was taken by the parties on said day, and all orders for goods then on hand were turned over to the defendants and to the said Burke, who retained his interest in the business.

The defendants paid to the plaintiff on the day of sale, the sum of $600 in money, and gave two notes for the balance, dated September 1st, 1870 ; one, for the sum of $300, payable in three months from its date, and the other, for $238.47, payable in six months from its date, both payable to the order of A. L. Kellogg, and signed by Burke, Fox & Co. It was also agreed between the parties at the time of sale, that the property named in said inventory should be and remain the property of the plaintiff until said notes, and the debts of the firm of Burke & Kellogg, were paid, and the defendants made and executed to the plaintiff a contract as follows :

" Whereas, we, John C. Fox and Michael Minogue, both of Castleton, in the county of Rutland, have this day purchased of A. L. Kellogg, of Fair Haven, in said county, all his interest in the business now carried on by Burke & Kellogg, as well as all his interest in the property belonging to said firm, of every kind and description, including all debts due to said firm, and have executed our notes to him for the sum of five hundred and thirty-eight dollars and forty-seven cents, as follows ; one for $300.00, dated this day, and payable in three months ; one for $238.47, dated this day, and payable in six months from date—executed by Burke, Fox & Co.; and whereas, also, there are debts now outstanding against the late firm of Burke & Kellogg to the amount of $4174.35, which we have assumed and are to pay : we hereby agree that the property this day purchased by us of him, as appears by the schedule hereto annexed, shall be and remain

the property of the said Kellogg, and his assigns, until said notes, and the debts due from the firm of Burke & Kellogg, are fully paid.

Fair Haven, Sept. 1st, 1870.

*Witness,* }            JOHN C. FOX,
H. G. WOOD.           MICHAEL MINOGUE."

Immediately after the execution of the foregoing contract, the defendants paid to the plaintiff the sum of $600 in money, and delivered to him the notes therein named, and took possession of the property and entered upon the prosecution of said business as partners with the said Burke, under the name of Burke, Fox & Co.

The schedule referred to in said contract, and annexed thereto, was the inventory hereinbefore referred to. After taking possession of the property as aforesaid, the defendants continued in said business about six weeks, during which time, with the consent and concurrence of said Burke, they sold to one Stewart, of New York city, twenty of the same mantels which were embraced in the sale by the plaintiff to them, and received in payment therefor the said Stewart's note for the sum of $455, and $144 in money; and, soon after the receipt of said note and money by them, they abandoned said business and property, without offering to return the same, or any part thereof, to the plaintiff, and without giving him any notice of their intention, and took with them the note and money aforesaid, and converted the same to their own private use. The defendants, from that time, ceased to exercise any control over the business and property aforesaid, but have never returned, or offered to return, any part thereof to the plaintiff; nor have they ever paid either of the notes given by them to the plaintiff, or paid the debts of Burke & Kellogg. At the time of the sale of the mantels and the abandonment of the business as aforesaid, the plaintiff was absent in Chicago, but immediately upon his return, on the 21st day of October, 1870, he commenced this suit.

The defendants offered to prove that at the time said written contract was executed by the defendants, but before it was signed, it was understood and agreed between the plaintiff and defendants, that the defendants, with the said Burke, should proceed

with the business, and make sales of the property embraced in said sale from the plaintiff to the defendants. To the admission of this evidence, the plaintiff objected; but the objection was overruled, and the evidence admitted; to which the plaintiff excepted. From the evidence so received, it appeared that at the time the written contract was made, it was understood and agreed between the plaintiff and defendants, that they, with Burke, should proceed with the business, and apply the avails to the payment of the debts and performance of the undertakings of the defendants, as set forth in said agreement; that the property in suit was sold by Burke and the defendants in the usual course of business, for $144 in money, and Stewart's note for $455; that the defendants, at the time of said sale, had no intention of appropriating the avails of the sale in any way contrary to the agreement with the plaintiff, but that they soon after appropriated the money and note aforesaid, in violation of said agreement. The value of the property at the time it was sold by the defendants, was $599. Upon the foregoing facts, the court rendered judgment for the defendants. Exceptions by the plaintiff.

*Edgerton & Nicholson*, for the defendants.

1. The reservation of the right of property to the plaintiff in the bill of sale, should be so construed as to give force and operation to the whole instrument if possible. The plaintiff sold to the defendants his interest, not only in the property described in the schedule, but, also, " *all his interest in the business.*" This " interest in the business " necessarily involved the right of sale of property then on hand, and in course of manufacture; and without this right, one of the leading objects of the transfer would become utterly inoperative, and the " business," a failure. The parties could not have intended such a result.

But, if the reservation in the bill of sale is so far inconsistent with the other provisions of the instrument that the whole cannot stand, then, we insist that the contract involves such an ambiguity as to admit of extrinsic evidence to explain it. 2 Phil. Ev. 761; 3 Stark. Ev. 996, 1020, 1029, and note; *Peish* v. *Dickson,* 1 Mason, 11; *Wills* v. *Barrister,* 36 Vt. 220.

2.  Prior to the sale to defendants, the plaintiff and Burke were copartners, and in that right they held and owned the property, and carried on the business. This right was not an exclusive right in either of the parties to any specific portion of the property, but only to *an undivided interest in the surplus*, after all the partnership liabilities should be cancelled. *Washburn et al.* v. *Bank of Bellows Falls et al.* 19 Vt. 278 ; *Bardwell* v. *Perry et al.* 19 Vt. 292.

The plaintiff claims that the reservation in the bill of sale was of the *specific property* included in the schedule, while the defendants insist that the reservation could not have been intended to cover the specific property itself, but only the *plaintiff's interest in the surplus*, after the debts should be paid. If the bill of sale is fairly susceptible of this double meaning, or if it be uncertain from the instrument itself, which meaning the parties themselves attached to it, parol evidence is admissible to explain the circumstances under which they entered into it, and their own cotemporaneous exposition of it. *Lawrence* v. *Dole*, 11 Vt. 549 ; *Lowry* v. *Adams*, 22 Vt. 160.

3.  The admission of the evidence objected to was not in conflict with the rule which excludes oral evidence to contradict, alter, or vary a written instrument. 3 Stark. Ev. 1046 ; *Winn* v. *Chamberlain*, 32 Vt. 318 ; *Perkins* v. *Adams*, 30 Vt. 230 ; *Allen* v. *Spafford*, 42 Vt. 116.

4.  The sale to defendants of the plaintiff's interest in the business and property, did not deprive Burke of his right to proceed with the business precisely as he had done before. This right was that of a *copartner*, and involved a general authority to make sales in the ordinary course of business, of any of the " mantels or other slate goods " belonging to the firm.

The sales complained of, were made " by said Burke and the defendants in the usual course of business," and in so doing, Burke acted under an authority that neither the defendants nor the plaintiff himself had a right to question.

The action of trover cannot be maintained against the defendants for *participating* in acts of sale that Burke had a right to make, independent of their consent or concurrence.

*H. G. Wood* and *W. C. Dunton*, for the plaintiff.*

The opinion of the court was delivered by

PECK, J.    When the plaintiff sold his interest in the property and business of the copartnership of himself and Burke to the defendants, Burke still retaining his interest in the business, the stipulation in that contract of sale, that the property thereby sold should remain the property of the plaintiff till the balance of the price was paid, the reservation of ownership, was only of the plaintiff's interest therein as former partner with Burke.    By the transaction the plaintiff ceased to be a partner, and the defendants became partners with Burke ; and these three thereupon took possession of the property and entered upon the prosecution of the business as partners, under the name of Burke, Fox & Co. It appears that while the defendants and Burke were thus carrying on the business, they sold some of the same slate mantels which were embraced in the sale of plaintiff to the defendants, the defendants not having paid the plaintiff the balance of the purchase.    For this sale this action of trover is brought.    By the sale of the plaintiff of his interest to the defendants, with the reservation as to ownership till the payment of the price, the plaintiff had no more interest in, or power over the property, and Burke no less, than he would have had, had his copartnership with Burke terminated without any sale by the plaintiff of his interest.    In such case either partner has the right to sell the copartnership property.    It has been repeatedly decided in this state that, as a general rule, one tenant in common of personal property, is not liable in an action of trover at the suit of his cotenant for selling the common property ; although it has been held otherwise, under some circumstances, in some of the states. But as between copartners, after the dissolution of the copartnership, it is clear that each has the power of sale of the copartnership property in the usual course of business, especially property of the character of that involved in this case, procured or manufactured by the copartners for the purpose of sale in the line of their business.    The case states that the defendants, by and with

* The plaintiff's brief was not furnished the reporter.

46

the consent and concurrence of said Burke, sold the mantels in question; and it is again stated that "the property in suit was sold by Burke and the defendants in the usual course of business." Burke could not be made liable to the plaintiff in an action of trover for this sale; nor can the defendants be thus held liable for their participation with Burke in doing an act which Burke, as between him and the plaintiff, had a right to do, especially as it is found by the county court, "that the defendants, at the time of said sale, had no intention of appropriating the avails of the sale in any way contrary to the agreement with the plaintiff," although they did soon after appropriate the avails to their own use, in violation (as the county court says) of their agreement, and never paid to the plaintiff the balance of the purchase price, as the county court find. The action of trover cannot be maintained in this case, consistently with legal principles applicable to this form of action.

We have no occasion to decide whether the evidence as to the verbal agreement made at the time of the execution of the written contract, introduced by the defendant, was properly received or not; as the ground of our decision is independent of that, and in no way aided by it. In affirming the judgment, the court is not to be understood as affirming the ruling of the county court in admitting that evidence, or as deciding that question.

Judgment affirmed.