ATTORNEY-GENERAL *v.* LOWELL & a.

Under the statute it is the duty of city councils to elect fire engineers; and a city ordinance delegating that duty to other municipal officers is void.

A city ordinance, void in one of its material provisions, is wholly void if it is apparent that it would not have been enacted without that provision.

QUO WARRANTO. Facts found by the court. In October, 1891, the city councils of Dover adopted an ordinance which provided that the fire department of the city should consist of a board of three fire commissioners, a chief engineer and one first and one second engineer, and such enginemen and other members as the board of fire commissioners should deem necessary; the fire commissioners were to be elected by the city councils, and were authorized to make such rules and regulations for the government of all the officers and members of the fire department as they might deem fit and proper; it was also made their duty annually in March to appoint the board of engineers, and all other members of the fire department. The ordinance contained other minor provisions. The defendants were duly elected fire commissioners, and have acted and claim the right to act as such by virtue of the ordinance. The question is whether fire engineers, appointed by the commissioners in March, 1892, were legally appointed.

*John S. H. Frink, Joshua G. Hall,* and *James Ryan, Jr.,* for the plaintiff.

*William L. Foster, William F. Nason,* and *Robert G. Pike,* for the defendants.

*Per Curiam.** The general law establishes a fire department in every town in which apparatus for the extinguishment of fires is provided at the public expense, and fire-wards or fire engineers are duly elected or appointed. The fire-wards, otherwise called fire engineers, constitute a board in whom are vested important powers and duties. P. S., *c.* 115. The evident purpose of the legislature in the passage of this chapter was to secure adequate protection of property against fire. It is a system of law intended to have uniform operation throughout the state, such towns excepted as may choose not to have fire apparatus and not to elect a board of fire engineers. It was evidently intended that every town having a fire department should have the system prescribed by *c.* 115. And there is no reason to hold that a city is not a town within the meaning of the general law on this subject. P. S., *c.* 2, *s.* 5. Towns may choose a chief fire-ward or engineer

---

* See foot-note on page 80.

and one or more assistants (*c.* 43, *s.* 25), and the powers of towns are exercised by city councils (*c.* 50, *s.* 1).

It is claimed by the defendants that the city of Dover, while possessing all the powers conferred upon towns by the statute referred to, is not limited thereby as towns are; that its charter gave it the power of local legislation " relative to preserving said city from exposure to fire," and that the ordinance establishing a board of fire commissioners was authorized by this charter provision, and by *s.* 2, *c.* 50, P. S., which provides that " the city councils shall have power to provide for the appointment or election of all necessary officers for the good government of the city, not otherwise provided for." It is a sufficient answer to this argument to say that neither the charter nor the general law authorized the city councils to delegate their statutory power of electing fire engineers to a local board called fire commissioners. The manner of their election was " otherwise provided for" by the legislature. Whatever authority the city has under its charter with reference to protection from fire, it did not acquire the right to repeal or suspend the statute providing for the election of a board of engineers, or to establish a board consisting of those persons and such others as three fire commissioners may deem necessary. The engineers elected in the manner provided in the statute are public officers (*Edgerly* v. *Concord*, 62 N. H. 8, 20); and it is no more competent for the city councils to prescribe some other method for their election than it would be for that body to delegate the duty of electing a city marshal, assessors of taxes, and other public officers, to a committee of tax-payers. For similar reasons, if the city councils under its charter might establish an independent board for some purposes of fire protection, they could not authorize that board to make additions to the board of engineers. The duty of electing the " chief fire-ward and one or more assistants " (*c.* 43, *s.* 25) is devolved upon the city councils. and no part of that duty can be exercised under an ordinance which attempts to impose it upon other municipal officers. In these respects the ordinance in question is repugnant to law, and void. And as it is apparent that no part of the ordinance would have been enacted if it had been understood that its most important changes of the general law would be inoperative, the whole ordinance is void. 1 Dill. Mun. Corp., *s.* 421; *Warren* v. *Mayor*, etc., 2 Gray 84, 98.

No sufficient reason appears why *quo warranto* is not an adequate, convenient, and appropriate method of procedure for the determination of this controversy.

*Judgment for the plaintiff.*

CARPENTER, J., did not sit: the others concurred.