RANSOM BEERS *vs*. B. W. FIELD.

May Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, MUNSON, START and THOMPSON, JJ.

*Provision in Lease Insufficient to Reserve Lien.*

A provision in a lease that the lessee shall not dispose of any produce grown on the premises until payment has been made of the rent and one-half of the taxes and the cows have been wintered through, is not sufficient to reserve a lien, and the produce may be attached as the property of the lessee.

*McLellan* v. *Whitney*, 65 Vt. 510 followed.

TREPASS AND TROVER for hay. Heard at the December Term, 1896, Addison County, *Tyler*, J., presiding, upon an agreed statement. Judgment for the plaintiff. The defendant excepted.

*Cushman & Mower* for the defendant.

*W. H. Bliss* for the plaintiff.

THOMPSON, J. The defendant leased to one Charles H. Merrill, for one year, a farm in the town of Ferrisburgh, upon which the hay in question was grown during the term of the lease. With the farm were also leased a number of cows.

The rent reserved was two hundred and fifty dollars, and one-half the taxes. The lease provided that Merrill should not dispose of any of the produce grown on the farm until the defendant had received the rent and one-half the taxes, and the cows were wintered through. After the hay was cut and while it remained on the leased premises, it was taken upon a valid execution issued upon a judgment rendered against Merrill, in favor of this plaintiff, and Merrill's attachable interest therein was purchased by the plaintiff at the sale thereof on execution. The officer levying the execution, was duly notified by the defendant not to sell the hay. Merrill made no claim to any of the hay sold as exempt from attachment. Subsequent to the sale on execution, the defendant drew away the hay from the leased premises and converted the same to his own use; and for such taking this suit was brought. The defendant applied the value of the hay, viz., $86.10, upon the balance of the rent and taxes due him from Merrill, the latter, at the time of the taking of the hay by the defendant, consenting and agreeing to such removal and application.

With the exception of the hay so taken by the defendant, all the hay grown upon the leased premises during the term, was necessary for wintering the cows, and was consumed for that purpose. At the time of the sale on execution, Merrill owed the defendant on account of rent and taxes more than the value of the hay sold; and at the expiration of the term, he was owing him on account of rent and taxes after the hay taken by him had been applied in payment thereof.

The defendant contends that by the terms of the lease, he reserved a lien on the produce for the payment of the rent and taxes, and therefore had a right to take the hay and apply it as he did. The language of the lease on which the defendant relies as reserving a lien for his benefit is as follows: "Said Charles H. is not to dispose of any of the produce grown on said farm until the said Byron W. has

received the rent, two hundred and fifty dollars, one-half of the taxes, and said ten cows are wintered through."

This case is not distinguishable in principle from *McLellan* v. *Whitney*, 65 Vt. 510. In that case, among other things, the lease provided that all grain raised on the place should be fed out thereon, and it was held that such stipulation did not create a lien for the benefit of the lessor on the grain so raised.

The stipulation in the lease from the defendant, that the lessee should not dispose of the produce grown on the farm until the rent and taxes were paid, and the cows wintered through, is no more effective to reserve a lien than would have been a provision requiring the same to be fed out on the farm. The effect of the lease was to vest in Merrill the absolute title to all the produce grown during the term.

The language of the lease on which the defendant relies is insufficient to reserve a lien in his favor on the produce.

By the purchase of the hay at the sale on execution, the plaintiff acquired title thereto, and the right of possession thereof, and therefore can maintain this action.

*Judgment affirmed.*

*Taft,* J., dissents.