Zoa Olin *v*. Arthur Martell.

October Term, 1909.

Present: Rowell, C. J., Munson, Watson, and Haselton, JJ.

Opinion filed January 7, 1910.

*Landlord and Tenant—Trover—Bill of Exceptions—Failure to
Show Cause of Action—Letting Farm on Shares—Tenants
in Common of Personal Property—Sale of Common Prop-
erty by one Co-Tenant—Right of the Other to Maintain
Trover.*

In trover for the conversion of hay, no cause of action is shown by a
bill of exceptions which states only that plaintiff leased her farm to
defendant for one year by a writing that required defendant to
leave as much hay on the premises at the end of the term as
he found there when he took possession; that defendant surrendered
the premises at the end of the term, and a settlement was then
had of matters arising under the lease; that when defendant took
possession there were five tons of hay in a certain bay in one
of the barns; and that after the settlement plaintiff discovered
that, during the term, defendant had taken five tons of hay from
that bay, appropriated it to his own use, and replaced it with straw.

The lease of a farm for a cash rental, without lien reserved, makes
the lessee the owner of the crops raised during the term; while the
ordinary lease of a farm "on shares" makes the parties tenants in
common of such crops.

As a general rule one tenant in common of personal property cannot
maintain trover against his co-tenant for the sale of the common
property.

Trover for the conversion of hay. Plea, the general issue.
Trial by jury at the September Term, 1908, Franklin County,
*Powers,* J., presiding. Plaintiff's counsel made an opening
statement of his case, revealing only the facts stated in the opin-
ion, which the defendant admitted. Thereupon a verdict was
directed for the defendant, and judgment thereon. The plain-
tiff excepted. The opinion states the case.

*Nathan N. Post* for the plaintiff.

*H. N. Deavitt* for the defendant.

MUNSON, J.  The plaintiff leased her farm to the defendant for one year by a writing which required the defendant to leave as much hay on the premises at the end of the term as he found there when he took possession.  This is all we know regarding the lease.  The defendant surrendered the premises at the expiration of the term, and a settlement of matters arising under the lease was had the same day.  Nothing further appears regarding the settlement.  When the defendant took possession there were five tons of hay in a certain bay in one of the barns; and after the settlement the plaintiff discovered that the defendant had taken five tons of hay from this bay and appropriated it to his own use, putting straw in its place.  This was done before the expiration of the term.  The action is trover for the conversion of this hay.

The question argued by counsel is whether the plaintiff can maintain trover, but the case as presented fails to show the existence of any claim.  The plaintiff's right was not to have any particular hay, but to have as much hay left on the premises as was there when the defendant took possession.  For aught that appears the defendant may have left as much hay on the premises as was on them when he went there.  But if the case is to be passed upon as treated by counsel, the suit cannot be maintained.  The fact that the plaintiff was the owner of the farm does not determine that she was the owner of the crops grown during the defendant's occupancy.  If the lease was for a cash rental without lien reserved, the lessee would be the owner of the crops.  If the lease was on shares without modifying provisions, the lessor and lessee would be tenants in common of the crops; and as a general rule, one tenant in common of personal property is not liable in an action of trover at the suit of his cotenant for selling the common property.  *Kellogg* v. *Fox*, 45 Vt. 348.  Nothing appears here to subject the defendant to this liability.  The question whether the defendant was leaving hay enough on the premises to meet his obligation in that behalf was a matter for consideration in the settlement had, and we know nothing of the nature or terms of the settlement.

If the plaintiff's understanding that this space was filled with hay instead of straw led her to make a settlement different from what she otherwise would, that affords no basis for a suit in trover.

*Judgment affirmed.*