MARTHA O'BRIEN *v.* JOSEPH WAITE.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

*Novak, Bloomer & Spero* for the defendant.

*Bert H. Stickney* for the plaintiff.

THOMPSON, J.   The plaintiff leased her farm and certain livestock and other personal property thereon to one Philip Brown for the term of one year from April 1, 1929, for the

annual rent of nine hundred dollars. The lease contains this provision: "All hay and straw raised upon the premises is to be fed to the stock on the premises and is not to be sold."

The defendant owned thirteen head of cattle which Brown contracted to feed during the winter of 1929-1930. Brown kept the cattle on the farm and fed them some of the hay which was raised on the farm in 1929.

The plaintiff brought an action of contract on the common counts to recover the value of the hay which was fed to the defendant's cattle by Brown. The specification is, "To hay furnished for board of cattle, One Thousand Dollars." There was a trial by jury, and verdict and judgment thereon for the plaintiff. The defendant excepted.

At the close of the evidence the defendant moved for a directed verdict on several grounds, the substance of which is that the hay was the property of Brown—the title was in Brown, and that the action of general assumpsit cannot be maintained on the facts in the case. The motion was denied, and the defendant took and was allowed an exception.

■ It cannot be questioned that the plaintiff cannot maintain an action to recover the value of the hay unless she had the title to the hay and the right of possession thereof when it was fed to defendant's cattle. Other facts might be essential to recover in this particular action, but title and right of possession are essential to any action.

■ The rule is well established in this jurisdiction that the lease of a farm for a cash rental, without a lien reserved by the lessor on the produce grown on the farm, makes the lessee the owner of the crops raised during the term. *Olin* v. *Martell*, 83 Vt. 130, 74 Atl. 1060, 138 A. S. R. 1072; *McLellan* v. *Whitney*, 65 Vt. 510, 27 Atl. 117. And a provision in the lease that the lessee shall not dispose of any of the produce grown on the farm does not reserve a lien thereon to the lessor. *Beers* v. *Field*, 69 Vt. 533, 38 Atl. 270.

In the case last cited the lease provided that the lessee should not dispose of any of the produce grown on the farm until the lessor had received the rent and one-half of the taxes, and the cows were wintered through. This Court, in holding that the produce grown on the farm might be attached as the property of the lessee, said: "The stipulation in the lease from the defendant, that the lessee should not dispose of the produce grown

on the farm until the rent and the taxes were paid, and the cows wintered through, is no more effective to reserve a lien than would have been a provision requiring the same to be fed out on the farm. The effect of the lease was to vest in Merrill (lessee) the absolute title to all the produce grown during the term.''

It follows that, when Brown fed the hay in question to defendant's cattle, he had the absolute title to the same, and that the plaintiff cannot maintain this action.

*Judgment reversed, and judgment for the defendant to recover his costs.*