LEON C. WRIGHT *v.* LAWRENCE CARPENTER.

November Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1941.

*A. B. Rowley* for the defendant.

*Shangraw & Brown* for the plaintiff.

JEFFORDS, J.  The defendant in this case brought an action of trover against this plaintiff.  Wright then moved, in effect, that the action at law be transferred to the court of chancery. With his motion he filed a bill in equity which set forth in substance that the plaintiff and defendant were owners as tenants in common of a certain farm and personal property located thereon which they operated together from 1929 to January 1, 1937, except for a period of about six months in 1934 when Carpenter leased his one-half interest to the plaintiff on shares.  It is alleged that during the period covered by the lease the plaintiff at the request, approval and acquiescence of Carpenter paid out for Carpenter a large sum of money for taxes, repairs, insurance and other specified items over and above the share of the income that Carpenter was entitled to under the lease.

It is further alleged that in January, 1937, the defendant's interest in the personal property was sold at auction and that in February, 1938, by a decree of foreclosure the farm was taken from the plaintiff and defendant.

The plaintiff also alleges that during 1937 when he was in possession of the farm he planted and harvested crops and hay and that as an incident to such planting and harvesting he paid

out large sums of money which he says were necessary expenditures and for which he has not been paid or reimbursed by defendant. The before mentioned trover action is referred to and the plaintiff alleges that Carpenter seeks to recover in it the value of one-half the hay and crops for the year 1937 without payment to the plaintiff for the money paid out in the planting, cultivation and harvesting of the crops.

It is alleged that there has never been a general accounting between the parties and that the defendant has never accounted to and paid the plaintiff the various sums alleged to be due the plaintiff from the defendant.

It is finally alleged that the defendant is domiciled without the state and that he has no assets upon which the plaintiff could levy to satisfy his claims and that the plaintiff is without any adequate remedy at law in the way of counterclaim, offset or recoupment in the said action of trover.

In order, as the plaintiff alleges, to avoid a multiplicity of suits and because he has no adequate remedy at law in the trover case as above alleged he prayed that an accounting be had between the defendant and himself and that such sums as may be reasonable and just for the planting, cultivation and harvesting of the crops and hay for the year 1937 be determined and allowed by way of recoupment, set-off or offset against any sums which Carpenter may recover or be entitled to receive by reason of the alleged conversion of hay referred to in the law action set forth herein and that the court take jurisdiction of all matters mentioned in the bill and determine such sums as may be due or owing the respective parties and make such order or decree as the court may deem just.

The defendant demurred to the bill. Upon hearing on the demurrer it was overruled and the plaintiff's bill was adjudged sufficient. Exceptions were allowed the defendant.

Later a decree was entered that the bill be taken as confessed and that an account be taken according to the prayer thereof. The defendant appealed from this decree.

■■ It is apparent that the plaintiff is attempting to proceed in this case under P. L. 1580. Neither in the order overruling the demurrer nor in the decree is there any transfer ordered of the action at law to the court of chancery. The de-

fendant in his brief states that the transfer was ordered and so do the docket entries in the case, and we so treat it.

█ No objection is made by the defendant to the procedure adopted so we pass over it. For proper method of procedure in such cases see last paragraph in the opinion and the entry order in *Firemen's Insurance Co.* v. *Butcher et al.,* 102 Vt. 183, 147 Atl. 267.

The only question presented for our consideration is whether the decree should stand as against the grounds set forth in the demurrer and here urged. These are two in number. (1), That the plaintiff does not come into equity with clean hands, and (2), that he has a complete and adequate remedy at law in the way of defense to the trover case.

█ The first ground is predicated upon the claim that the plaintiff in his bill admits that he is guilty of the alleged conversion in the trover action. That being so, the defendant says the plaintiff is attempting to get relief in equity in a matter based on his own wrong. Many authorities are cited to the point that relief will be denied in such cases. The trouble with the defendant's position is that his premise is not sound. The plaintiff in his bill neither expressly or impliedly admits such guilt. He does admit that he harvested the crops and hay but this as an owner of the same as a tenant in common he had the right to do. He would only be liable in an action of trover to the defendant, his co-tenant, if he had destroyed the property which he is alleged to have converted. *Sanborn* v. *Morrill,* 15 Vt. 700, 40 Am. Dec. 701; *Hurd* v. *Darling,* 14 Vt. 214; *Tubbs* v. *Richardson,* 6 Vt. 442, 27 Am. Dec. 570. Nowhere in the bill is such an act admitted.

The defendant also claims that the plaintiff by his prayer for the determination and allowance of sums in the way of offset against whatever Carpenter might recover in the trover action admits his guilt of the alleged conversion. The most that can be drawn from the plaintiff's pleading in this respect is that he acknowledges the uncertainty of the outcome of a law suit, a fact which common experience has shown to be attendant upon litigation generally. He merely asks for protection in the event that the result of the trover action should be unfavorable to him.

█ The defendant in support of his second ground of the demurrer says that the plaintiff has the right to interpose any

defense in the trover action that he can introduce anywhere and that if he were acting in good faith all the relief the plaintiff seeks here is available to him there. The defendant overlooks the fact that the plaintiff in his bill prays for an accounting as to matters having no connection with the alleged conversion. It is clear that in the way of defense to the trover action evidence as to such latter matters would not be admissible for the plaintiff. *Holt* v. *Daniels,* 61 Vt. 89, 95, 17 Atl. 786.

Courts of equity in matters of account between tenants in common have concurrent jurisdiction with courts of law. *Sowles* v. *Martin et al.,* 76 Vt. 180, 56 Atl. 979; *Holt* v. *Daniels, supra; Leach* v. *Beattie,* 33 Vt. 195, 200. In this suit in equity all sums for which the defendant can properly be held to account to the plaintiff can be determined and allowed as well as such sums as the defendant may be properly entitled to receive from the plaintiff as a result of the alleged conversion. Thus in this one suit in equity all questions and matters properly presented by the bill can be justly and equitably determined. See *Nelson* v. *Nelson,* 97 Vt. 50, 62, 122 Atl. 490; *Holt* v. *Daniels, supra.*

*Decree affirmed and cause remanded.*