## Edward F. Smith et al v. Frederick D. Thibault et al

[ 168 A.2d 729 ]

January Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 1, 1961

*Ready & Brown* for the plaintiffs.

*William B. Goldsbury* for the defendants.

**Shangraw, J.** The defendants bring this case here claiming that the court below committed error in transferring to equity an action at law which the plaintiffs had brought against the defendants in the Franklin County Court.

The action was commenced by a writ dated October 17, 1958, and, by amendment, the plaintiffs declared specially on a verbal contract seeking damages for a breach thereof. The substance of the complaint, as amended, is to the effect that on May 26, 1958 the plaintiffs verbally leased a part of their farm located in the towns of Highgate and Swanton, Vermont, and certain farm machinery and farming equipment, to the defendants for the agreed annual rental of $1,800.00, payable at the rate of $75.00 on the 10th and 25th days of each month thereafter. No cattle were leased, and under the lease the defendants

were permitted to place cattle and equipment on the premises and remove them provided the terms of the lease had been performed. The defendants were to operate the farm in a good husband-like manner, spread manure, keep the stables, barn, and barnyard clean, repair and resurface the barn, barnyard, and stable floors, keep the land in good condition, and the buildings and machinery in proper serviceable repair and preservation. The defendants were also to plow, seed, and fertilize a fifteen-acre meadow. It is alleged in the writ, as amended, that the defendants vacated the premises about October 1, 1958, refused to pay the rental due October 10, 1958, and payments which subsequently accrued. It is further alleged that the defendants harvested and sold all the hay crop, amounting to approximately one hundred tons. Specifications were filed by the plaintiffs for the value of a Surge milking machine sold by the defendants. These specifications also covered plaintiffs' damage for the alleged breach of contract seeking to recover for the unpaid rental due, failure to spread manure, failure to clean the barn, stables and barnyard, failure to repair certain machinery, failure to resurface barn, barnyard, and stable floors, and the hay which was removed and sold by the defendants, the value of which was estimated at 120 tons at $20.00 per ton.

By way of answer the defendants pleaded a general denial, and further, that on or about the 1st of October 1958 they were ordered to leave the premises by the plaintiffs.

In this action the hay in question was attached as the property of the defendants. On November 19, 1958 a suitable bond, with approved sureties, was filed in the sum of $2,500, and the attachment discharged. By a writ dated November 18, 1958 a second suit was brought by the plaintiffs against the defendants on the same farm contract and the hay attached. This writ was never entered in court. The plaintiffs instituted a third action December 8, 1958 on this contract and again attached the hay as the property of the defendants. A suitable bond, with sureties, was filed on December 22, 1958 and the attachment discharged. Upon the granting of the motion to transfer the pending action into equity this last and third suit was discontinued.

The basis of the amendment and transfer of the law action into a suit in equity is found in 12 V.S.A. §973. The motion to transfer was accompanied by a bill as required by County Court Rule 12. This

rule in part provides that the bill contain a "full recital of the equitable grounds relied upon and the relief prayed for."

In alleging the breach of contract by the defendants the allegations in the bill follow very closly those contained in the law action. In addition the bill alleges that by reason of the dispute as to ownership of the hay it was agreed between the parties that the hay might be sold and disposed of and the proceeds placed in escrow. The bill further states that all the hay has been removed and disposed of by the defendants, over the protests of the plaintiffs, and only $75.00 has been placed in escrow by them. The plaintiffs further allege that, by reason of the appropriation of the hay by the defendants, there has been created, "an inequitable situation resulting in unjust enrichment" to the defendants at the expense of the plaintiffs; that they "have now and will in the future suffer irreparable damage by reason of the acts of the defendants;" and that they have no adequate remedy at law. The bill also states, "That if equity does not intervene the said defendants will have an inequitable advantage in that they will own all of the hay, approximately one hundred (100) tons at the value hereinbefore stated, and likewise will not be obliged to pay any rental from the 26th day of September, 1958, which situation is unconscionable."

The bill alleges that the relationship of the parties did not give rise to a partnership agreement, and concludes with a prayer that the respective interests of the parties in the hay be determined, as well as the liability of the defendants by reason of their failure to perform the agreement. The bill contains no prayer for injunctive relief. The lease was for one year and had expired before the motion dated December 10, 1959 to transfer into equity was filed. What the defendants had done, or failed to do, was then an accomplished fact. The plaintiffs have alleged no facts in their bill by way of amplification of their claim which provides a basis for equitable jurisdiction.

The predicate of the defendants' assignment of error is that the plaintiffs have an adequate remedy at law, and are not entitled to equitable relief on the facts presented by the pleadings.

In discussing the hay question, the owner of a farm and a tenant on shares are tenants in common of the products in the absence of any special provisions modifying their relations. *Doyle* v. *Polle,* 121 Vt. 335, 337, 157 A.2d 226. An action of account is the proper remedy for the adjustment of all controversies arising out of this re-

lationship. *Doyle* v. *Polle, supra,* pp. 337, 338. The same is true in actions between partners. 12 V.S.A. Chapter 161. Action for Accounting. A court of chancery has concurrent jurisdiction with courts of law in such cases. *Vaillancourt* v. *Gover,* 112 Vt. 24, 27, 20 A.2d 122; *Wright* v. *Carpenter,* 111 Vt. 434, 438, 17 A.2d 328. Here, however no such relationship exists.

■ The premises and farm equipment were leased on a money rental basis. There is no allegation that a lien was reserved by the plaintiffs on the hay in question, nor a specific claim of ownership. While we are not called upon in this proceeding to determine ownership of the hay we do, however, call attention to the following. As stated in *O'Brien* v. *Waite,* 104 Vt. 181, 182, 157 A. 828, "The rule is well established in this jurisdiction that the lease of a farm for a cash rental, without a lien reserved by the lessor on the produce grown on the farm, makes the lessee the owner of the crops raised during the term." See *Olin* v. *Martell,* 83 Vt. 130, 131, 74 A. 1060, 138 Am. St. Rep. 1072; *McLellan* v. *Whitney,* 65 Vt. 510, 27 A. 117. And a provision in a lease that the lessee shall not dispose of any of the produce grown on a farm does not reserve a lien thereon to the lessor. *Beers* v. *Field,* 69 Vt. 533, 38 A. 270.

■ A further reference to the claims of the plaintiffs appears unnecessary. The pleadings present a case of a breach of contract, nothing more. The rule which is most frequently stated concerning equity jurisdiction is that equity affords relief where the law does not furnish a remedy. Ordinarily, if the law affords a remedy which is adequate, a cause may not be made the basis of a suit in equity. *Smith* v. *Pettingill,* 15 Vt. 82, 85, 40 Am. Dec. 667.

The plaintiffs' motion and bill must stand or fall upon the allegations contained therein as showing the basis for equity jurisdiction. None appears.

*The order that this case be transferred to the court of chancery is reversed and the cause remanded to the Franklin County Court.*