# Sharon Gerety v. J. Leo Poitras

[ 224 A.2d 919 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*McKee & Clewley* for plaintiff.

*Reginald T. Abare* and *Joseph C. Palmisano* for defendant.

**Keyser, J.**   The defendant appealed from the order of the chancery court denying his motion to dismiss plaintiff's petition for specific

154

performance. The appeal is by permission of the court below before final decree under 12 V.S.A. §2386.

■ Since the motion to dismiss attacks the sufficiency of the petition, it is in the nature of a demurrer and consideration of the motion depends entirely upon the facts stated in the petition. *Woodard v. Porter Hospital, Inc.,* 125 Vt. 264, 265, 214 A.2d 67, and cases there cited.

On January 24, 1964, the plaintiff entered into a written agreement with the defendant to purchase a ranch home owned by said defendant located on George Street in Montpelier, Vermont. The sale was consummated in accordance with the agreement on February 6, 1964.

The agreement contained the following provisions: "The seller also agrees that if any major water problem should arise regarding the spring under the cellar floor he would do what is necessary to make the cellar usable for general use. This agreement is for two years from the date of purchase."

On or about October 14, 1964, the plaintiff notified the defendant that a major water problem had arisen as the result of the spring under the cellar floor of her home. The plaintiff also sent the defendant a copy of a letter from a contractor whom she had engaged to examine the premises. In his letter the contractor set forth in detail what was necessary to be done to make the cellar usable for general uses. The defendant has refused to make the repairs plaintiff claims are necessary.

The plaintiff alleged she is without an adequate remedy at law and asked the court to order specific performance of the agreement in question. Defendant's motion to dismiss challenges this allegation and claims plaintiff has an adequate remedy at law for damages.

■ The defendant in his brief also argues that the petition should be dismissed because a court of equity will not undertake to enforce specifically a contract for construction or repair. This point was not raised by defendant's motion to dismiss and is not for consideration here. *Powers v. State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390.

■■ Where the inadequacy of damages is great, and the difficulties not extreme, specific performance will be granted and the tendency in modern times has been increasingly to grant relief, where under the particular circumstances of the case damages are not an

adequate remedy. 5 Williston on Contracts, Rev. Ed., §1423. Of course, in a particular case, the remedy at law may be adequate and specific performance will be denied for that reason. *Ibid,* citing *Tennessee Elec. Power Co.* v. *White County,* 52 F.(2d) 1065 (C.C.A. 6).

■ Since the plaintiff seeks the special equitable remedy of specific performance, she has the burden to allege and demonstrate in the complaint why money damages will not furnish an adequate remedy.

■■ Equity will not afford relief where there is a plain, adequate, and complete remedy at law. *Union P. R. Co.* v. *Weld County,* 247 U.S. 282, 62 L.ed. 1110, 1117, 38 S.Ct. 510. And if the complainant does have such remedy, and the main cause of action is of a legal nature, equity has no jurisdiction. *United States* v. *Bitter Root Development Co.,* 200 U.S. 451, 50 L.ed. 550, 560, 26 S.Ct. 318. To the same effect, *Schoenthal* v. *Irving Trust Company,* 287 U.S. 92, 77 L.ed. 185, 188, 53 S.Ct. 50.

This is the test according to the great weight of authority including this jurisdiction. 19 Am. Jur., Equity, §101; *Smith* v. *Pettingill,* 15 Vt. 82, 40 Am. Dec. 667; *Smith* v. *Thibault,* 122 Vt. 256, 259, 168 A.2d 729.

In *Smith* v. *Thibault,* 122 Vt. 256, 259, 168 A.2d 729, the pleadings presented only a case of a breach of contract, nothing more. We held it was error for the court below to transfer the case to equity, saying: "(E)quity affords relief where the law does not furnish a remedy. Ordinarily, if the law affords a remedy which is adequate, a cause may not be made the basis of a suit in equity."

■ The record shows no peculiar circumstances exist in the case at bar. It is clear from the facts alleged in the petition that at most only a breach of contract is involved. The plaintiff's main cause of action is of a legal nature and her available remedy is in a court of law for the recovery of damages. The existence of this situation removes any doubt or uncertainty that the plaintiff does not have a plain, adequate, and complete remedy. The ruling of the court below was error.

*The order denying defendant's motion to dismiss is reversed; plaintiff's petition is dismissed.*