## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-428

JANUARY TERM, 2014

| | | |
|---|---|---|
| Sheila Boyer | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Civil Division |
| Armand Niquette | } | |
| | } | DOCKET NO. 1137-10-13 |

In the above-entitled cause, the Clerk will enter:

Plaintiff filed a complaint in the superior court against her landlord, which the trial court transferred to small claims court. The case is currently pending in small claims court. At the same time, plaintiff has filed an appeal seeking emergency injunctive relief from this Court. Plaintiff complains that her landlord has been entering her apartment and removing her belongings, and she asks this Court to prevent this from happening. She indicates that she is without keys to the apartment, and this apartment is her only dwelling until her landlord provides her the proper paperwork to evict her. We construe plaintiff's filing as a petition for extraordinary relief, and we dismiss it.

Plaintiff seeks injunctive relief, which we have recognized "is an extraordinary remedy and will not be granted routinely unless the right to relief is clear." Vt. Div. of State Bldgs. v. Town of Castleton Bd. of Adjustment, 138 Vt. 250, 256, 415 A.2d 188, 193 (1980); see also 11A C. Wright, et al., Federal Practice and Procedure § 2942, at 43 (2d ed. 1995) ("Since an injunction is regarded as an extraordinary remedy, it is not granted routinely; indeed, the court usually will refuse to exercise its equity jurisdiction unless the right to relief is clear." (footnote omitted)). As a general matter, "the main prerequisite to obtaining injunctive relief is a finding that plaintiff is being threatened by some injury for which he [or she] has no adequate legal remedy." Wright, supra, § 2942 at 44; see also Gerety v. Poitras, 126 Vt. 153, 155, 224 A.2d 919, 921 (1966) ("Equity will not afford relief where there is a plain, adequate, and complete remedy at law. And if the complainant does have such remedy, and the main cause of action is of a legal nature, equity has no jurisdiction." (citation omitted)).

As stated above, plaintiff's complaint against her landlord is pending in small claims court, and she has a legal avenue available to her to pursue her claim for money damages. While the small claims court cannot grant injunctive relief, see V.R.S.C.P. 2(a), plaintiff has not demonstrated that she has a clear right to such relief. Plaintiff is incarcerated, and as of November 19, 2013, she is serving a nine-month to three-year sentence for attempted burglary. She has submitted to this Court a letter she received from her landlord wherein he provided her formal notice on November 1, 2013 that her tenancy would be terminated on November 18, 2013 for nonpayment of rent. See 9 V.S.A. § 4467(a) (stating that "landlord may terminate tenancy

for nonpayment of rent by providing actual notice to the tenant of the date on which the tenancy will terminate, which shall be at least 14 days after the date of the actual notice"). Under these circumstances, plaintiff has failed to show a clear right to injunctive relief. Indeed, her claim for injunctive relief appears to be moot given the apparent termination of her tenancy and the fact that she is in jail. See In re Moriarty, 156 Vt. 160, 163 (1991) ("A case is moot if the reviewing court can no longer grant effective relief." (quotation omitted)). Plaintiff has an adequate legal remedy for her remaining claims, which are being considered by the small claims court. Plaintiff's request for emergency injunctive relief, which forms the basis of her "appeal," is denied, and this case is dismissed.

Given our order, plaintiff's request concerning transcripts is denied, although we note that no hearings were held in this case. Plaintiff's request for two copies of everything in the Court's file is also denied.

**ROBINSON, dissenting.** I respectfully dissent. I construe appellant's appeal as an appeal of the trial court's dismissal of her claims for injunctive relief and referral of damage claims to small claims court. The majority does not suggest that plaintiff's request for an order preventing her landlord from entering her apartment without notice and removing her belongings would not ordinarily warrant injunctive relief, but instead concludes that the request is moot because plaintiff is apparently incarcerated and landlord has apparently provided her notice that her tenancy would be terminated on November 18, 2013 for nonpayment of rent. I believe the majority has jumped the gun in this regard. A letter initiating the termination of a tenancy is not tantamount to a complete and effective termination of that tenancy. Moreover, even assuming we can properly conclude that plaintiff is incarcerated without record evidence to that effect, plaintiff's interest in the security of her apartment from unauthorized entry by her landlord, and in protecting the belongings therein, does not evaporate with her apparent incarceration.

Dissenting:                                          BY THE COURT:

_____          _____
Beth Robinson, Associate Justice                Paul L. Reiber, Chief Justice


                                                            _____
                                                            John A. Dooley, Associate Justice


☐ Publish                                                 _____
☒ Do Not Publish                                     Marilyn S. Skoglund, Associate Justice


                                                            _____
                                                            Geoffrey W. Crawford, Associate Justice

2