Henkel v. O'Brien, No. 293-7-13 Bncv (Wesley, J., Jan. 17, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 293-7-13 Bncv |

## William Henkel vs. Alice O'Brien

## ENTRY REGARDING MOTION

Count 1, Harrassment (293-7-13 Bncv)

| | |
|---|---|
| Title: | Motion Preliminary injunction (Motion 1) |
| Filer: | William Henkel |
| Attorney: | James M. Dingley |
| Filed Date: | November 5, 2013 |

Response filed on 11/27/2013 by Attorney Lloyd J. Weinstein for Defendant Alice Ann O'Brien

**The motion is DENIED.**

Plaintiff, William Henkel, brings this civil action against Defendant, Alice O'Brien, claiming that he received numerous unwanted phone calls and text messages from Plaintiff, which have continued despite his efforts to abate them.[1] The parties are former spouses whose divorce was final on Jan.19, 2005, *Henkel v. Henkel*, Doc. No. 295-10-03 Bndm. The parties have been engaged in complicated post-judgment proceedings in the divorce matter, resulting in Judge Howard's order of contempt against Mr. Henkel issued March 13, 2013, which included prospective orders requiring Mr. Henkel to make a further accounting and produce certain financial documents. Following the family division's order requiring Plaintiff to comply with his obligations to support Defendant, it denied Plaintiff's request made soon thereafter for an abuse prevention order against Defendant.[2] Plaintiff acknowledges in his complaint filed July 17, 2013, and in this motion, that the basis for his request for an injunction against Defendant arises from the same conduct that the family division determined did not meet the criteria for an abuse prevention order.

On November 5, 2013, Plaintiff moved for a preliminary injunction. Plaintiff argues he is entitled to injunctive relief under V.R.C.P. 65(b) and the Court's equitable powers. Plaintiff maintains he exhausted his remedies in the Family Division, thus he is entitled to invoke the equitable jurisdiction of the Civil Division to obtain injunctive relief. Defendant opposed the motion for preliminary injunction on November 27, 2013. Defendant argues injunctive relief is

---

[1] Although the complaint and motion appear to focus primarily on injunctive relief, and despite the absence of separate counts, Plaintiff also claims monetary damages, possibly under theories of intentional infliction of emotional distress or defamation, although neither of these torts is specifically invoked.

[2] At ¶ 14 of his motion for a preliminary injunction, Plaintiff represents: "He filed a petition for Relief from Abuse in the Family Division that was denied because the allegations did not meet the statutory criteria." Plaintiff does not explain whether his failure to obtain an Order of Relief from Abuse resulted from a determination of the merits following an evidentiary hearing, or whether he was denied ex parte relief and elected not to request a hearing and pursue his complaint. See, 15 V.S.A.§ 1103 et seq; V.R.F.P.9(e).

not appropriate because Plaintiff has a remedy at law and Plaintiff has not suffered an irreparable injury.

The requirements for an injunction are well established. "An injunction is an extraordinary remedy… It may issue only in cases presenting some acknowledged and well defined ground of equity jurisdiction, as when it is necessary to prevent irreparable injury or a multiplicity of suits." *Vt. Div. of State Bldgs. v. Castleton Bd. of Adjustment*, 138 Vt. 250, 256–57 (1980); *see also* V.R.C.P. 65(b) (stating the procedure the Court must follow in granting a preliminary injunction). To obtain a preliminary injunction, a plaintiff must show irreparable harm, a likelihood of success on the merits, and a balance of the equities. *Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co. of N.Y.*, 749 F.2d 124, 125 (2d Cir. 1984). Further, "a court may exert its equitable powers to grant appropriate relief only when a judicially cognizable right exists, and no adequate legal remedy is available." *Titchenal v. Dexter*, 166 Vt. 373, 377 (1997). Equitable relief is not appropriate "where there is a plain, adequate, and complete remedy at law." *Gerety v. Poitras*, 126 Vt. 153, 155 (1966).

In this case, Plaintiff's motion for a preliminary injunction suffers from two legal deficiencies, failure to demonstrate the absence of an adequate remedy at law, and failure to demonstrate the exhaustion of existing legal remedies. Either one of these deficiencies is sufficient to deny the motion for a preliminary injunction. First, the Legislature has carefully defined statutory remedies to protect personal safety and prevent harassment. A family or household member may seek an abuse prevention order from the family division. *See* 15 V.S.A. § 1103. Former spouses are explicitly within the definition of family members, thus an ex-husband, such as Plaintiff, who receives threatening communications from his former wife, may seek an abuse prevention order in the Family Division. *Id.* Furthermore, persons who are *not* household or family members, and thus without standing to obtain a Relief from Abuse remedy in the Family Division, may seek an order against stalking under jurisdiction created in the Civil Division. *See* 12 V.S.A. § 5134.

Given the breadth and specificity of the remedies created by the Legislature, the Court concludes that the statutory procedures have completely occupied the field. It is telling that the Legislature chose to give subject matter jurisdiction over stalking complaints to the Civil Division; the remedies at law for family and household members to seek restraining orders are Relief from Abuse proceedings in the Family Division, and the remedies at law for all others to seek restraining orders are Orders Against Stalking proceedings in the Civil Division. Even assuming relief in the nature of a restraining order against personal harassment at one time might have come within the equitable jurisdiction of the former Superior Court – a proposition nowhere vindicated by any decision of the Vermont Supreme Court – this Court can discern no source for such authority presently. The current statutory proceedings have established a comprehensive scheme at law for invoking such relief, leaving no proper place for appeals to vague notions of equity. The statutory requirements for relief are specific and exacting, while the application of equity under circumstances as described in Plaintiff's motion is currently unguided by either statute or caselaw, inevitably bound to produce results untethered to legal principle except by individual judicial fiat. Contrary to Plaintiff's argument, his inability to secure an Abuse Prevention Order in the Family Division does not mean that he lacks a remedy at law. His remedy at law exists, and is entirely adequate. His inability to satisfy the requirements to obtain that remedy does not give rise to a substitute remedy at equity, especially one that pre-supposes a lower threshold for relief. *See Gerety*, 126 Vt. at 155.

Furthermore, Plaintiff has not demonstrated that he fully pursued the remedies available in the Family Division. As noted above, the record here is unclear as to whether the determination by the Family Division denying relief was a final decision made after consideration of the evidence, or a preliminary decision as to the adequacy of the affidavits supporting a request for ex parte relief. If the former, Plaintiff had his opportunity for an adequate remedy but was unable to satisfy the requirements to obtain it, as discussed above. If the latter, Plaintiff has even less claim to a resort to equity, since he failed to fully pursue the possibility that he was entitled to the relief sought based on a presentation of evidence following the denial of ex parte relief. [3] *See Titchenal*, 166 Vt. at 377.

Plaintiff is not entitled to injunctive relief because he has an adequate remedy at law. *See Gerety*, 126 Vt. at 155. Because the alleged circumstances, even if true, afford no basis for relief, the Court denies Plaintiff's request for a hearing.

This determination of Plaintiff's motion for a preliminary injunction also concludes his request for final injunctive relief, for the same reasons as explained above. Within 10 days of this entry, unless either party shows good cause otherwise, final judgment denying Plaintiff's claim for injunctive relief shall be entered pursuant to V.R.C.P. 54(b), providing for entry of final judgment as to fewer than all claims when there is no just reason for further delay, and when the remaining claims are reserved for trial.

Electronically signed on January 17, 2014 at 03:07 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
James M. Dingley (ERN 1944), Attorney for Plaintiff William Henkel
Lloyd J. Weinstein (ERN 6012), Attorney for Defendant Alice Ann O'Brien

---

[3] As Defendant argues, both in Plaintiff's complaint and affidavit in support of the motion for preliminary injunction, he describes the actual substance of the claimed harassing calls, texts and voicemails in only conclusory terms, without support in exhibits of copied text, or transcripts of recorded calls. To the extent the alleged pattern of continuing contact described as having occurred on Oct. 29, 2013 is alleged to have included actual threats, or to have escalated into behavior reasonably interpreted as stalking, Plaintiff of course had resort to a renewed application for an Order of Relief from Abuse. There is no statement that he availed himself of that possible remedy.