RICHARD TETREAULT ET AL., *v.* OVILA CAMPBELL ET UX.

(61 A2d 591)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed October 5, 1948.

*Hubert S. Pierce* and *Raymond L. Miles* for the defendants.

*Lee E. Emerson* for the plaintiffs.

JEFFORDS, J. This is an action of fraud and deceit based on alleged false and fraudulent representations leading up to the sale of the defendants' farm and personal property thereon to the plaintiffs. The case was tried by jury with a resulting verdict and judgment for the plaintiffs and it is here on exceptions of the defendants.

The defendants moved to set aside the verdict and for a new trial. The closing paragraph of the motion is as follows:

"Wherefore, the defendants pray that the said verdict be set aside and new trial granted, or order a suitable remittitur". The trial court ordered the plaintiffs to file a remittitur for a substantial amount and this order was complied with. The judgment represents the difference between the amount of the verdict and that of the remittitur. The plaintiffs say that inasmuch as the defendants took no exceptions to the remittitur order they must have considered it suitable and, having received one of the alternatives prayed for in their motion, and apparently one satisfactory to them, they have waived their right to press before this Court any exception covered by the grounds stated in the motion whether such grounds relate to liability or to damages only.

No cases have been shown us nor have we found any having to do with a motion of this kind with a prayer such as we have here. If there is no prayer in the alternative then, of course, the ordering of a remittitur does not in any way affect the right of a defendant to press in this Court on appeal any of his exceptions taken below. This is so for the simple reason that the defendant

has not asked for a remittitur. For an illustrative case see *Woodhouse* v. *Woodhouse*, 99 Vt 91, 150 et seq., 130 A 758. See also *Arkansas Valley etc. Co.* v. *Mann*, 130 US 69, 9 S Ct 458, 32 LEd 854 and annotation 39 LRANS 1065. In the present case the defendants have said, in effect, we want a whole loaf but if you do not see fit to give it to us then give us a fair part of a loaf and we will be satisfied. The lower court did not give them the whole but only a part of what they asked for and apparently they were satisfied for they took no exceptions to this order. Thus it would appear that they have precluded themselves from arguing here any questions embraced in the grounds of their motion to set aside the verdict.

However, in order to have a waiver there must be an intentional relinquishment of a known right. *Barber* v. *Vinton*, 82 Vt 327, 334, 73 A 881. The defendants in their motion say "This motion being one involving the question of damages," etc. By this statement they show that they intended to include in their motion only such grounds as had to do with damages. It follows that there was no waiver on their part of exceptions taken below having to do with liability only which might be said to be embraced in some of the grounds set forth in the motion. The attorneys for the defendants may have mistakenly believed that these latter grounds related to damages only and may even have been negligent in carrying out this belief but a waiver cannot be based on mistake or negligence. *Barber* v. *Vinton, supra.*

We hold that the defendants waived their right to argue in this Court any exceptions relating to matters involving damages which were presented below in support of their motion to set aside the verdict but not having intended to include in that motion grounds relating to liability only they are not barred from presenting exceptions based on such grounds for our consideration.

The defendants have briefed many exceptions relating to the admission or exclusion of evidence. Some of these are barred from consideration by our holding above and others are not sufficiently briefed. Other exceptions relate to unresponsive answers to questions and to the restriction of cross examination. These latter exceptions have been examined and in disposing of them it is sufficient to say that no harmful error has been made to appear and it is not likely that the questions raised by these exceptions

will arise on another trial. The remaining exceptions having to do with evidence are as follows:

The first is to the admission of the testimony of one of, the plaintiffs that Mr. Campbell before the sale was completed told this plaintiff to "trust him (Campbell) at all times". One of the allegations of fraud contained in the declaration was that defendants stated that they were fit to be trusted in the sale of the farm and personal property. The defendants say that such a representation is not actionable and consequently it was error to receive the above quoted testimony.

But the error, if any, was cured because, at the close of the evidence, the trial court withdrew this allegation as a basis for actionable fraud from consideration by the jury. *Dailey* v. *Ludlow*, 102 Vt 312, 314, 147 A 771.

The court excluded certain evidence which related to matters occurring after the sale had been consummated. The defendants say this was error for the reason that this evidence was admissible under a plea which they filed which they say set forth a waiver by the plaintiffs of any claim of fraud.

A pleading is to be construed against the pleader. *Johnson* v. *Wells-Lamson Co.*, 103 Vt 178, 180, 153 A 203. The plea in question is very lengthy, recites many facts and contains no language showing that it was intended to be a plea of waiver. There was no error in the exclusion of the evidence in question.

One of the plaintiffs, Mrs. Tetreault, was asked her opinion as to the number of cows the farm would keep on a certain date. Over the objection of the defendants she was allowed to answer. She had shown sufficient qualifications to be permitted to answer the question. The weight to be given her testimony was for the jury to determine.

The court excluded certain questions asked of defendant Campbell regarding an auction sale of the cows purchased by the plaintiffs. If the exclusion of this testimony was error, which we do not decide, it was harmless error.

One allegation of fraud was to the effect that while the defendants promised to select for the plaintiffs a herd of good producing disease free cows the cattle selected were in fact afflicted with the disease of mastitis. The question for the jury to determine, upon the evidence, was whether the cows had mastitis at the time of the sale or came down with it at some time thereafter. Witness Sager

was asked what the condition of the cows was in the spring of 1946. The question was objected to and excluded after an offer to show by the witness that the cows were very thin at that time so that they would be more susceptible to contracting mastitis than would be the case if they were not in that condition. A witness, Dr. Jordan, had testified that a cow which was not well taken care of was more apt to have mastitis than one which had been well cared for. The time referred to by witness Sager was about six months after the sale. If the question had been answered the jury could only have speculated as to whether the thinness was caused from lack of proper care or for some reason beyond the control of the plaintiffs. No error has been made to appear in the exclusion of the question.

■ Mrs. Campbell was asked concerning the condition of the mangers in April, 1946. The question was objected to and excluded over an offer to show that at that time the mangers were full of chaff and sour grain as bearing on the care the cows were receiving. The offered testimony had a tendency to show lack of proper care of the cattle by the plaintiffs after the sale and before suit was brought and should have been admitted.

The defendants excepted to the argument of the attorney for the plaintiffs to the effect that the jury could use the evidence in respect to defendant Campbell "getting tangled up with the United States Government" in weighing his testimony. It is sufficient to say in disposing of this exception that the record does not disclose enough to warrant a holding of error, reversible or otherwise, in permitting this argument to stand. *Northern Tr. Co.* v. *Perry*, 104 Vt 44, 48, 156 A 906.

The defendants excepted to that portion of the charge of the court relating to the claimed misrepresentation of the defendants as to the acreage of the farm. The ground of the exception was that by the charge the jury were confined to certain statements claimed to have been made by the defendants on this matter and permitted the jury to disregard other evidence pertaining thereto.

■ This exception is without merit. The court, after the paragraph in the charge complained of, told the jury to consider all of the evidence in the case bearing on this question referring to certain evidence favorable to both parties. The charge is to be considered as a whole and not piecemeal. *Lancour* v. *Herald & Globe Assn.*, 111 Vt 371, 382, 17 A2d 253, 132 ALR 486.

The court charged the jury as follows:

"There is also another claim in this case, with regard to representations by the defendants that the farm and personal property was worth $40,000. With regard to this claim, such a representation is ordinarily a matter of opinion and not deemed fraudulent, but it may be otherwise. If it is made as an assertion of fact, and with the purpose that it shall be so received, and it is so received, it may amount to a fraud. A statement of value may be of such a character and may be so made and intended and so received as to constitute a fundamental misrepresentation. Whether this is so in this case, it is for you to say. No certain rule can be laid down for your guidance. Each case must necessarily depend upon its own facts in a large measure. The character and the reputation of the parties, their respective intelligence, the subject matter of the bargain, and all the circumstances must be considered in determining that issue, because, as we have told you before, that if an assertion of value is made as an assertion of fact, that amounts to fraud."

One ground of the exception to this portion of the charge was to the effect that on the evidence in the case the jury could not find that the statement as to value was made as a statement of fact. This exception must be sustained.

Statements appear in many of our cases to the effect that representations as to value are ordinarily regarded as matters of opinion and so not fraudulent in a legal sense. But if they are made as assertions of facts, and with the purpose that they shall be so received, and are so received, they may amount to fraud. That whether such statements are to be taken as mere opinions or as statements of facts depends upon the circumstances of the particular case; so whether fraud was intended is usually, though not always, a question for the jury. For illustrative cases see *Belka* v. *Allen,* 82 Vt 456, 462, 74 A 91; *Crompton* v. *Beedle,* 83 Vt 287, 298, 75 A 331, 30 LRANS 748, Ann Cas 1912 A 399; *Harponola Co.* v. *Wilson,* 96 Vt 427, 434, 120 A 895; *Niles* v. *Danforth,* 97 Vt 88, 92, 122 A 498; *Fenwick* v. *Sullivan,* 102 Vt 28, 30, 145 A 258; *Barre Tr. Co.* v. *Ladd,* 103 Vt 392, 403, 154 A 680.

In *Belka* v. *Allen, supra,* the statement in question was that the "farm carried wood and timber enough to pay for it". This Court held that this statement depending as it must upon estimate and judgment alone, and that predicated upon data uncertain if not

conjectural, was so plainly a mere expression of opinion and recommendation that the court below committed no error in ruling that it would not support the action.

An examination of the remainder of the cases just above cited shows that in each there was some fact or circumstance from which the maker of the statement in question knew or should have known that it was not true. It was for this reason that it was held in each of these cases that it could be found that the statements were made not as mere opinions but as assertions of facts.

In the present case there are no facts or circumstances tending to show that the maker of the representation that the farm and personal property was worth $40,000. knew or should have known that this was not so. As far as it appears it was merely an expression of opinion as to the value and thus the statement comes within the general rule as to such statements as recognized and applied in *Belka* v. *Allen, supra.*

We realize that it was stated in *Niles* v. *Danforth, supra,* that there is a tendency on the part of courts to restrict rather than extend the application of the common law maxim, *caveat emptor.* However, if in the present case we should hold otherwise than we have we would be completely disregarding the general rule as to statements of value heretofore referred to.

The plaintiffs in support of this portion of the charge point out testimony to the effect that the defendants while passing a neighboring farm told the plaintiffs that the owner wanted to sell it for $100,000. That defendant Campbell said that his farm was not very dear at $40,000 and that this defendant denied having made this statement and testified that he did not know what his neighbor asked for his farm or whether he wanted to sell it. This evidence has no tendency to show that the defendants knew that the value they placed on their farm and personal property was false. If the jury found that defendant Campbell made the statements attributed to him they could only properly be considered as puffing statements as to the value of his farm and his denial of having made the statements would only go to his credibility generally.

The defendants also excepted to that part of the above quoted portion of the charge wherein the court told the jury that in determining whether the statement as to $40,000 value was made as a statement of fact or merely given as an opinion they could take into consideration the character and reputation of the parties. The

ground for this exception was that there 'was no evidence in the case as to the character and reputation of the parties.

The plaintiffs in their brief attempt to justify this portion of the charge on the ground that the court was not referring to the moral attributes of the parties but to the "characteristics" of the plaintiffs on one hand as being strangers in the territory where the farm was located and inexperienced in farming while the opposite was true of the defendants. But it would be unreasonable to say that the court intended this meaning to be given to the words in question or that the jury could have so understood it. The only reasonable construction that could be given would be that moral character and reputation were meant. This being so, there was error in this portion of the charge as there was no evidence in the case to support it. The jury could only speculate. This speculation might well be based, for instance, on something one of them had heard in the neighborhood talk or gossip detrimental to one of the parties.

The plaintiffs also rely on certain evidence in the case to the effect that the United States Government had seized some of the property of the defendants. But this evidence is of no help here. It does not appear why this property was seized. In fact the evidence is very scant on this point and is not of sufficient quality to warrant the jury in finding that because of the seizure, the character and reputation of the defendants was of such a nature as to make them more apt to make a false statement as one of fact rather than as a mere opinion.

In *Belka* v. *Allen, supra,* at p. 462 in discussing the matter of a statement being considered as one of fact or opinion it is stated that "the character and *relation* of the parties, their respective intelligence, the subject matter of the bargain and all the circumstances must be considered". It would appear that the lower court in the present case adopted this statement for that portion of its charge now under consideration and for some reason changed the word "relation" used in the Belka case to "reputation" in its charge as given.

It does not appear that there was any evidence in the Belka case as to the moral character of the parties. It follows from what we have already said that if this was the kind of character referred to, the charge was faulty in that respect. It is significant, however, that in that case the word "character" is joined with the word "re-

lation". It is well settled that an expression of opinion made by one person to another, when a relationship of trust and confidence exists between them, may be deemed fraudulent and actionable. *Fenwick* v. *Sullivan, supra*; 23 Am Jur 788, 37 CJS 229, 230. This is contrary to the rule previously stated regarding an opinion when, as in the present case, the parties were dealing at arms length. Thus if the language used in the Belka case had been, for instance, "the character of the relation of the parties" it would seem that no fault could be found with it. Whether such meaning was intended and poorly expressed or whether accurately expressed and inaccurately set forth in print must be left to conjecture.

The defendants requested the court to charge as follows:

> "There can be no recovery by the plaintiffs in this action for or on account of any representation that they, said defendants, were fit to be trusted in the sale of said farm and personal property, because such representation was a mere expression of opinion and did not constitute actionable fraud".

> On this point the court charged as follows: "There has been some discussion here with regard to the representation claimed to have been made by the defendants to the plaintiffs that said defendants were fit to be trusted in the sale of said farm and personal property. That is, of course, not a representation from which there would be actual damage except as it might be considered by you as to whether other misrepresentations were made by the defendants to the plaintiffs to their damage".

The defendants excepted to the failure of the court to charge as requested. This exception must also be sustained.

It was held in *Snow* v. *Woodburn*, 27 Vt 415, that a representation by one that he is safe to be trusted and given credit to is to be taken as a mere matter of opinion and thus not actionable. The defendants were entitled to an unqualified instruction to this effect. By the qualification stated by the court the jury were told, in effect, that this representation, if made, was false and thus could be so considered on the question of credibility of the defendants in respect to other representations made by them. The court after giving an unqualified instruction on this issue could properly

have told the jury that if they found that the representation was made and was not true they could consider this fact as bearing on the credibility of the defendants in other respects. But the court did not leave this question of the falsity of the representation to the jury but, in effect, held it, if made, to be false as a matter of law and in so doing committed error.

There was evidence in the case admitted over the objections and exceptions of the defendants to the effect that at the time of the sale, defendant Campbell talked with the plaintiffs about subsidy checks for surplus cream and said that the first check for $1,300. would come to the plaintiffs one month after the sale.

On this subject matter the defendants requested the court to charge as follows:

> "That there can be no recovery by the plaintiffs in this action for or by reason of any representations that a subsidy check of over $1,000, or for any other amount, would be received by the plaintiffs sometime in September after the trade was made, or thereafter, because said representation, if made, was a mere promise to do something in the future which did not constitute actionable fraud."

The court charged on this subject as follows: "With regard to the allegation concerning a subsidy check, it is for you to say from all the evidence whether there was any misrepresentation about an existing fact as to that subsidy check that would entitle the plaintiffs to recover, or was it merely an opinion, or a statement as to something that would happen in the future. It is for you to determine on all the evidence".

The defendants excepted to the refusal of the court to charge as requested.

The court erred in its refusal to so charge. The claimed statement by the defendant Campbell in regard to the receipt of the first subsidy check related to a future event and consequently was not actionable. *Hunt* v. *Lewis,* 87 Vt 528, 530, 531, 90 A 578, Ann Cas 1916C 170. See *Burlington Grocery Co.* v. *Lines,* 96 Vt 405, 120 A 169, for a case somewhat in point on its facts.

The defendants complain because the court refused to charge their request relating to any representation concerning the stripping

of the cows after they had been milked. The court did not refer to this subject matter in its charge. In disposing of this exception it is sufficient to say that the defendants have not shown that they were prejudiced by such failure to charge.

*Judgment reversed and cause remanded.*