## F. Marshall Thurber v. Russ Smith, Inc.

[260 A.2d 390]

No. 71-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*F. Marshall Thurber, pro se.*

*Webber & Costell,* Rutland, for Defendant.

**Keyser, J.** Plaintiff's action was brought in Vermont District Court, Unit No. 1, Rutland Circuit, and is founded on the legal concept of negligent misrepresentation. The defendant filed a motion to dismiss based on the failure of the complaint to state a claim upon which relief can be granted. After hearing, the court granted the motion and plaintiff appealed.

■ The defendant argues that the appellant has failed to comply with Supreme Court Rule 5. This provides that where no transcript is required, as here, a stipulation of the parties or an order of the judge below indicating that no transcript is required is to be filed to complete the record of appeal. The record certified here by the court below at plaintiff's request indicates no transcript is required. Although there is no stipulation or order on file this fact will not, under the circumstances, adversely affect the appeal. Furthermore, the defendant has waived the rule since it has not filed a motion to dismiss the appeal for the above reason which the rule provides may be done.

■ Defendant's motion to dismiss the action challenges the sufficiency of the complaint and consideration of the motion depends entirely upon the facts stated in the writ. *Gerety* v. *Poitras,* 126 Vt. 153, 154, 224 A.2d 919.

The plaintiff alleges the following negligent misrepresentations were made to him by the defendant, namely:

> "(one) Defendant negligently failed to tell plaintiff of the rapping noise in the plaintiff's engine when the auto was brought to defendant's service station for service. (two) Defendant later acknowledged the rapping noise to

the plaintiff but negligently advised plaintiff to continue driving such auto stating that such rapping noise was not serious. (three) Defendant negligently represented that the plaintiff's auto had been greased when in fact neither the front nor the rear universal received this greasing."

The overriding issue here is whether any cause of action is stated in the complaint.

The allegations in the complaint show the following facts. Plaintiff owned a 1965 Triumph roadster automobile. About August 23, 1966, the defendant agreed to inspect, tune, grease, change the oil and make all repairs necessary to put the auto in excellent condition. The cost to plaintiff was $60.90. The receipt given plaintiff states that the auto was greased. Plaintiff's intention to drive the car to California was known to the defendant.

Plaintiff left Rutland for California on August 30, 1966. When plaintiff reached Syracuse, New York, the rear universal of his car burned out and he was told by an authorized Triumph dealer that neither the front nor the rear universal had been greased.

The plaintiff was also informed that his auto had a rap in the engine. As a consequence, he telephoned long distance to defendant's head mechanic about it and was told that there was nothing to fear with regard to the noise; that the rap had been in the auto for a long time and there was no need for concern.

As a result of this talk, plaintiff drove his car two more days but the intensity of the rapping increased. At Council Bluffs, Iowa, several service attendants warned plaintiff not to drive the auto further because it would throw a rod through the engine. He stopped driving his car and because plaintiff had to be in California to attend college, he rented a tow bar and towed the auto to Denver, Colorado, leaving it there with his sister.

As to the grease job, the facts admitted by defendant's motion show that the defendant agreed to, and did, grease plaintiff's car. This is evidenced by a receipt which defendant gave to the plaintiff. One week later at Syracuse, New York, the rear universal burned out and it was then discovered that neither the front nor the rear universals had been greased. From these facts it may well be inferred that defendant's

servants negligently performed the grease job by failing to grease the universals. The plaintiff alleged that he relied upon the fact that the greasing was done and suffered damage as a direct and proximate result of the failure to grease the universals.

It is apparent that this aspect of plaintiff's claim centers around disputed questions of fact as to whether greasing of the universals was contracted for, and, if so, whether it was, or was not, negligently done and what caused the universal to burn out.

 Negligence has been defined as the absence or want of care required by the circumstances; and failure to exercise care which the circumstances reasonably require or justly demand. 65 C.J.S., Negligence, § 1(2). It is the failure to use reasonable care. *McAndrews* v. *Leonard*, 99 Vt. 512, 527, 134 A. 710. It is fundamental in the law of negligence that liability will be incurred if the relation of the parties is such that the person sought to be charged owes a duty of care to the person injured. *Lavelle* v. *Pratt*, 122 Vt. 90, 93, 166 A.2d 195.

 Clearly, the defendant owed the duty to the plaintiff to properly perform with due care and diligence the work it had undertaken for the plaintiff. Whether there was a breach of this duty which caused the plaintiff, in reliance on the defendant having exercised due care, to sustain damage proximately resulting therefrom is a matter subject to proof by evidence.

A consideration of the facts alleged satisfies the fundamentals of negligence relating to the issue of negligence respecting the failure of greasing the universals. By granting defendant's motion to dismiss, the court erroneously foreclosed plaintiff's right to a trial on this issue.

Plaintiff claims damages of $204.17 for repairs and $717.44 for loss of the use of his auto for about 240 days.

Plaintiff's second claim for damages relates to a rap in the engine of his car. This was called to his attention in Syracuse by the mechanic who worked on the universal. The statement plaintiff alleges defendant's head mechanic made to him by long distance telephone was that the rap had been in the auto for a long time and there was no need for concern. Relying upon what defendant's head mechanic told him, the plaintiff

drove his car two more days to Council Bluffs, Iowa. At that time, being warned by several service attendants not to drive further because it would throw a rod through the engine, he towed the car to Denver, Colorado.

Here, plaintiff was merely making an inquiry of defendant's employee. The extent of the rapping noise was open to the peculiar knowledge of the plaintiff. The mechanic in Syracuse was available to advise plaintiff about the seriousness of the rap. Plaintiff was in a good position to acquire the knowledge which he sought. It is apparent that the defendant's mechanic was answering the inquiry on the basis of his previous knowledge of the auto while in the garage at Rutland. The words spoken by the mechanic are not claimed by plaintiff to be negligently spoken or deceitful, or known by the mechanic to be untrue. So far as the facts show they were nothing more or less than a casual response to plaintiff's inquiry made by one who was not duty bound to act or give any information.

■ Negligent words are not actionable unless they are uttered directly, with knowledge or notice that they will be acted on, to one to whom the speaker is bound by some relation of duty, arising out of a public calling, contract, or otherwise, to act with care if he acts at all. 37 Am.Jur.2d, Fraud and Deceit, § 209, note 8.

So far as the facts alleged show, the mechanic's statements were gratuitously and honestly made and in good faith with a real belief in their truth and was merely an expression of his judgment or opinion. See *Tetreault* v. *Campbell*, 115 Vt. 369, 374, 61 A.2d 591; *Belka* v. *Allen*, 82 Vt. 456, 463, 74 A. 91.

The citations in plaintiff's brief present factual situations quite different to the case at bar. Also, they show a relationship between the litigants which is not present here on the facts alleged.

■ In his brief, the plaintiff states that "relying on the representations of defendant's chief mechanic that his automobile was in perfect condition, (he) started across the United States." The complaint does not allege either that the mechanic made the statement claimed or that the plaintiff relied upon any such statement to his injury and it is the complaint which governs and not the brief.

The facts do not indicate that the engine did "throw a rod" or that the car was incapacitated as a consequence of the rapping. Facts are lacking which show a proximate cause, or causal connection, between the claimed statement and the noise.

The facts and representations alleged relating to the engine noise are insufficient to withstand the attack by the motion to dismiss. In the interest of justice, we will, on remand, grant the opportunity to the plaintiff to amend his complaint, if he be so advised.

*Judgment reversed; cause remanded with leave of the plaintiff to apply for an amendment within thirty days, if he be so advised.*